Claudell F. WRIGHT, Appellant,

v.

The STATE of Texas, Appellee.

No. 27789.

Court of Criminal Appeals of Texas.

Nov. 9, 1955.

Rehearing Denied Jan. 11, 1956.

Cliff H. Tupper, San Angelo, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

The offense is burglary; the punishment, 3½ years in the penitentiary.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular and nothing is presented for review. The judgment is affirmed.

On Appellant's Motion for Rehearing

WOODLEY, Judge.

Our attention is directed to the fact that appellant did reserve a bill of exception, though he did not secure and file a statement of facts. The bill of exception reveals the following.

Appellant was without counsel at the trial. He did not testify and offered no witnesses in his behalf.

After the charge had been prepared, submitted to appellant, and read to the jury, and the attorney for the State had argued its case, the trial court "inquired of the defendant, and informed the defendant in open court and before the jury that he had a right to say anything he desired to the jury."

"The defendant thereupon proceeded to argue his own case to the jury and in such argument stated to the jury why he had committed the offense alleged."

There is no claim that the court should have furnished counsel for appellant, and no factual basis for such a claim.

The trial court properly advised appellant as to his right to address the jury.

When appellant saw fit to do so and in effect confessed his guilt, in his argument, the trial court was not called upon to interfere.

We overrule the contention that the bill shows that appellant's constitutional rights and privileges regarding self-incrimination were violated.

Appellant's motion for rehearing is overruled.