501 P.2d 282

**Pamela MAHLER, Plaintiff,**

**v.**

**Milton BIRNBAUM, in his capacity as Magistrate, Magistrate's Division of the District Court of the Third Judicial District for Canyon County, Idaho, Defendant.**

**No. 11008.**

Supreme Court of Idaho.

Sept. 25, 1972.

Michael Donnelly and Richard A. Skinner, Western Idaho Legal Aid, Caldwell, for plaintiff.

C. Robert Yost, Pros. Atty., Canyon County, Caldwell , for defendant.

W. Anthony Park, Atty. Gen., Charles P. Brumbach, Asst. Atty. Gen., Boise, amicus curiae.

PER CURIAM.

Invoking our original jurisdiction under art. 5, § 9 of the Idaho Constitution,[1] plaintiff has applied for a writ of mandate compelling appointment of counsel to represent her in a prosecution for a petty misdemeanor. Plaintiff is charged with public drunkenness, a violation of the Caldwell municipal code,[2] which carries a penalty of incarceration for no more than thirty days or a fine not exceeding three hundred dollars, or both. The Idaho Code provides for appointed counsel only in prosecutions for felonies or other "serious crimes" punishable by confinement for more than six months or a fine of more than three hundred dollars.[3] Consequently, the issue raised by plaintiff's application is whether

1. Art. 5, § 9 provides in part: "The Supreme Court shall * * * have original jurisdiction to issue writs of mandamus, certiorari, prohibition, and habeas corpus, and all writs necessary or proper to the complete exercise of its appellate jurisdiction." *See also* the parallel provision in I.C. § 1–203.

2. Section 9–1–17 of the municipal code provides: "It shall be unlawful for any person to be found drunk, intoxicated or under the influence of liquor upon any public thoroughfare or any public place."

3. I.C. § 19–852 provides: "(a) A needy person who is being detained by a law enforcement officer, or who is under formal charge of having committed, or is being detained under a conviction of, a serious crime, is entitled:

(1) to be represented by an attorney to the same extent as a person having his own counsel is so entitled; and

(2) to be provided with the necessary services and facilities of representation (including investigation and other preparation). The attorney, services, and facilities and the court costs shall be provided at public expense to the extent that the person is, at the time the court determines need, unable to provide for their payment."

I.C. § 19–851 provides: "(d) 'Serious crime' includes:

(1) a felony;

(2) a misdemeanor or offense the penalty for which, excluding imprisonment for non-payment of a fine, includes the possibility of confinement for more than 6 months or a fine of more than $300."

the right to counsel, secured by art. I, § 13 of the Idaho Constitution[4] and the Sixth Amendment to the United States Constitution,[5] extends beyond the scope of offenses designated by the legislature.

During the pendency of this application the Supreme Court of the United States, in Argersinger v. Hamlin,[6] held that the Sixth Amendment right to counsel, applied through the due process clause of the Fourteenth Amendment, extends to all state prosecutions which *actually* result in sentences of incarceration for any term. In his separate concurrence, Chief Justice Burger carefully elaborated the pre-trial screening procedure which the actual confinement rule entails.[7] Although we recognize that implementation of *Argersinger* may not be free of difficulty,[8] the most prudent course at this time appears to be strict adherence to the actual incarceration rule until it is fully tested through experience.

Because plaintiff's application in the present case was filed at the outset of prosecution, it is premature under the terms of *Argersinger*. We hold that the Sixth Amendment and art. I, § 13 do not require the trial court to appoint counsel until it is determined that the defendant will be confined if found guilty. Absent a knowing and intelligent waiver, no sentence of incarceration may be imposed when counsel has been denied a defendant found needy after a review conducted in full compliance with I.C. §§ 19–851(b)(c) and 19–854(b).[9]

The alternative writ of mandate, issued by this Court to schedule argument on the application, is dissolved. The application for writ of mandate is denied. No costs allowed.

4. Art. I, § 13 provides that "[i]n all criminal prosecutions, the party accused shall have the right * * * to appear and defend in person and with counsel."

5. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defense." This provision applies to the states through the Fourteenth Amendment. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Argersinger v. Hamlin, *infra*.

6. 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).

7. 92 S.Ct. at 2014–2015.

8. *See*, e. g., the separate opinion of Justices Powell and Rehnquist, 92 S.Ct. at 2016, 2020–2022; *cf.* Gregg v. United States, 394 U.S. 489, 89 S.Ct. 1134, 23 L.Ed.2d 232 (1969).

9. I.C. § 19–851(c) defines a person eligible for appointed counsel as one "*who at the time his need is determined* is unable, to provide for the *full* payment of an attorney and all other necessary expenses of representation[.]" (Emphasis supplied.) I.C. § 19–851(b) provides that " '[e]xpenses', when used with reference to representation under this act, includes the expenses of investigation, other preparation and trial[.]" I.C. § 19–854(b) provides: "In determining whether a person is a needy person and in determining the extent of his inability to pay, the court concerned may consider such factors as income, property owned, outstanding obligations, and the number and ages of his dependents. Release on bail does not necessarily prevent him from being a needy person. In each case, the person shall, subject to the penalties for perjury, certify in writing or by other record such material factors relating to his ability to pay as the court prescribes."