(No. 48427.‑

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. AUBREY SCOTT, Appellant.

*Opinion filed Oct. 5, 1977.—Rehearing denied Nov. 23, 1977.*

GOLDENHERSH, J., dissenting.

John Elson, of the Northwestern Legal Assistance Clinic, of Chicago (Sara Johnson and Deborah Deprez, law students, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and James B. Davidson, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE MORAN delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County, defendant, Aubrey Scott, was convicted of theft and fined $50. The appellate court affirmed (36 Ill. App.

3d 304), and we granted defendant leave to appeal.

On January 19, 1972, defendant was apprehended for shoplifting merchandise valued under $150, and was charged with theft pursuant to section 16—1 of the Criminal Code of 1961, which provided:

"A person first convicted of theft of property not from the person and not exceeding $150 in value shall be fined not to exceed $500 or imprisoned in a penal institution other than the penitentiary not to exceed one year, or both." Ill. Rev. Stat. 1971, ch. 38, par. 16—1.

Defendant was released on bail pending his first appearance. On the scheduled date, he appeared in court without counsel. The record indicates that the court informed the defendant of the charge and asked him if he was ready for trial. Defendant responded that he was ready for trial, the court directed the clerk to again read the charges, and defendant pleaded not guilty. A jury trial was waived, and a bench trial followed resulting in defendant's conviction and fine. At no time during the proceeding was defendant advised of a right to have the assistance of counsel, or, if indigent, the right to have counsel appointed.

The record indicates that defendant was an indigent at the time of his initial appeal, but there is no indication of his indigency at trial. We will, however, assume for the purpose of this appeal that defendant was indigent at the time of his trial.

Defendant initially contends that all persons charged with a criminal offense which, upon conviction, carries the potential for imprisonment are constitutionally entitled, if indigent, to have counsel appointed, even if the conviction results in only the levying of a fine. Defendant, however, readily concedes that the United States Supreme Court has not to date extended the right of counsel this far.

In *Argersinger v. Hamlin* (1972), 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006, the Supreme Court extended

the right to counsel to all criminal prosecutions which resulted in actual imprisonment. The *Argersinger* court stated:

"We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial.

\* \* \*

Under the rule we announce today, every judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed, even though local law permits it, unless the accused is represented by counsel. He will have a measure of the seriousness and gravity of the offense and therefore know when to name a lawyer to represent the accused before the trial starts." 407 U.S. 25, 37, 40, 32 L. Ed. 2d 530, 538, 540, 92 S. Ct. 2006, 2012, 2014. Accord, *People v. Morrissey* (1972), 52 Ill. 2d 418; *People v. Coleman* (1972), 52 Ill. 2d 470.

Recently, this court ruled that a defendant is not entitled to the appointment of counsel under either the Federal or Illinois constitutions where he or she is charged with an ordinance violation which provides for a fine only upon conviction. (*City of Danville v. Clark* (1976), 63 Ill. 2d 408, 412-13, *cert denied* (1976), 429 U.S. 899, 50 L. Ed. 2d 184, 97 S. Ct. 266.) We are unpersuaded by defendant's argument that the mere possibility of incarceration upon conviction should trigger a defendant's constitutional right to counsel, for there exists no possibility of incarceration if counsel was not properly waived. We are not inclined to extend *Argersinger* and *Morrissey* merely because a defendant is charged with a statutory offense which provides for various sentencing alternatives upon conviction. See *Nelson v. Tullos* (Miss. 1975), 323 So. 2d

539; *Mahler v. Birnbaum* (1972), 95 Idaho 14, 501 P.2d 282.

Defendant next contends that he was statutorily entitled to the appointment of counsel pursuant to either section 109—1(b)(2) or section 113—3(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1971, ch. 38, pars. 109—1(b)(2), 113—3(b)). Section 109—1(b)(2), set forth in the article entitled "Preliminary Examination," provides that when a person is arrested without a warrant, he shall be brought before a court and

"(b) The judge shall:
* * *
(2) Advise the defendant of his right to counsel and if indigent shall appoint a public defender or licensed attorney at law of this State to represent him in accordance with the provisions of Section 113—3 of this Code." (Ill. Rev. Stat. 1971, ch. 38, par. 109—1(b)(2).)

The State argues that the record in this case indicates no preliminary hearing was held, and, unless a preliminary hearing was conducted, section 109 is inapplicable. The State's contention need not be reached for, even if section 109 were applicable, it would not assist the defendant here. As provided above, the statutory right to appointed counsel pursuant to section 109—1(b)(2) is dependent on the provisions of section 113—3 of the Code.

Section 113—3(b) provides, *inter alia*:

"In all cases, except where the penalty is a fine only, if the court determines that the defendant is indigent and desires counsel, the Public Defender shall be appointed as counsel. ***" (Ill. Rev. Stat. 1971, ch. 38, par. 113—3(b).)

Defendant argues that the term "penalty" used in the above section refers to the penalties set forth in the statute under which the criminal defendant is charged. Under his interpretation, indigent defendants are entitled to appointed counsel in all cases except where the prescribed statutory penalty is a fine only. We disagree. "Penalty" as

used in this section refers to the punishment imposed against the defendant by the court upon conviction. Where the court imposes a penalty of a fine only, a defendant is not statutorily entitled to appointed counsel. Consequently, defendant was not entitled to counsel pursuant to either section 109–1(b)(2) or 113–3(b).

Defendant finally asserts that, even if he is not entitled to the appointment of counsel, section 109–1(b)(2) required the court to advise him of the right to secure counsel and to have counsel present to assist him.

Again, assuming section 109 to be applicable to this case, we do not believe it supports the defendant's contention. Although we recognize that all defendants are entitled to have counsel assist them in criminal proceedings, section 109–1(b)(2) does not require the court to advise them of this right in all cases. Since the defendant was penalized only by fine, he was neither constitutionally nor statutorily entitled to have counsel present. The court was, therefore, under no obligation to obtain a waiver before proceeding to trial without counsel and, hence, was under no obligation to advise the defendant of his right to counsel.

Accordingly, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE GOLDENHERSH, dissenting:

I dissent. It is clear under the holding of the Supreme Court in *Argersinger v. Hamlin,* 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006, and our decisions in *People v. Morrissey,* 52 Ill. 2d 418, and *People v. Coleman,* 52 Ill. 2d 470, that a defendant has a right to counsel in any criminal prosecution which might result in actual imprisonment, and I agree with Judge Leighton's statement, in dissent, that the right "is so important that judges should not engage in nice calculations about when that right should be

enjoyed" (36 Ill. App. 3d 304, 314). The majority quotes (68 Ill. 2d at 272) that portion of *Argersinger* which endows trial courts with a degree of prescience which I doubt exists, that is, that a judge, prior to hearing any evidence, "will have a measure of the seriousness and gravity of the offense and therefore know when to name a lawyer to represent the accused before the trial starts" (407 U.S. 25, 40, 32 L. Ed. 2d 530, 540, 92 S. Ct. 2006, 2014). I have searched *Argersinger* in vain for the source of this knowledge prior to the time when a judge has heard evidence in the case.

The clear and explicit language of section 109—1(b)(2) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1971, ch. 38, par. 109—1(b)(2)) requires that the judge shall advise a defendant of his right to counsel in accordance with the provisions of section 113—3 of the Code (Ill. Rev. Stat. 1971, ch. 38, par. 113—3). Section 113—3 provides, without drawing the distinction made by the majority, that every person charged with an offense shall be allowed counsel before pleading to the charge.

I must, of course, concede that because of the fortuitous circumstance that this defendant was not sentenced to a period of incarceration, *Argersinger* does not *per se* require reversal of the judgment. However, as has been pointed out in numerous decisions, in matters involving the constitutional rights of its citizens, Illinois is free to set higher standards than those imposed by the decisions of the Supreme Court. The General Assembly has seen fit so to do. The adverse effect of failure to be provided with counsel is not limited to the possibility of incarceration. It may well be that had this defendant known of his right to counsel, and elected to have counsel, he might have been acquitted of the charge. The failure to advise him of his right to counsel requires that the judgment be reversed.