THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANNETTE GUICE, Defendant-Appellant.

First District (3rd Division)    No. 78-1575

Opinion filed December 5, 1979.—Modified on denial of rehearing May 14, 1980.

Michael S. Danian, of Waukegan, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Pamela L. Gray, and Marcella J. Meyer, Assistant State's Attorneys, of counsel), for the People.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:

Following a jury trial the defendant, Annette Guice, was convicted of criminal damage to property and criminal trespass to land. (Ill. Rev. Stat. 1975, ch. 38, pars. 21—1(a) and 21—3(a).) She was sentenced to concurrent two-year terms of probation, fined $150 for each offense and assessed court costs. On appeal the defendant contends that her constitutional right to assistance of counsel at trial was denied when the trial court refused her request for a continuance in order to obtain counsel and

compelled her to proceed to trial. The defendant also claims.that such procedure denied her due process of law.

In order to evaluate the defendant's arguments, it is necessary to set forth in some detail the following procedural history:

September 16, 1976 Complaints issued.

October 8, 1976 Defendant's motion for continuance granted in order to obtain counsel.

November 12, 1976 Defendant did not appear; bond forfeiture and arrest warrant were issued.

December 10, 1976 Defendant's motion for continuance was granted.

March 11, 1977 Defendant did not appear; bond forfeiture and arrest warrant were issued.

April 19, 1977 Case continued. Order indicates "defendant fled from courtroom."

April 26, 1977 Defendant's motion for continuance granted.

May 3, 1977 Case continued. Order indicates "defendant told to bring in attorney of her choosing."

May 10, 1977 Defendant's motion for continuance granted in order to obtain counsel. Order indicates "abs. final."

June 14, 1977 Defendant did not appear; bond forfeiture and arrest warrant were issued.

July 12, 1977 Jury demand; case continued.

July 27, 1977 Defendant did not appear; bond forfeiture and arrest warrant were issued.

August 3, 1977 Case continued.

September 7, 1977 Defendant did not appear; bond forfeiture and arrest warrant were issued.

October 3, 1977 Defendant's motion for continuance granted in order to obtain counsel.

November 10, 1977 Defendant's motion for change of venue to Lake County denied. Defendant's motion for substitution of all judges in Cook County denied. Case continued.

November 16, 1977 Defendant did not appear; bond forfeiture and arrest warrant were issued.

On November 17, 1977, the defendant appeared in court and stated that she was not ready for trial. The court again continued the matter to November 22, 1977, and admonished the defendant that she should be prepared for trial.

On November 22, 1977, the defendant attempted to renew her motion for a change of venue. She also stated that she had consulted an attorney and believed that she could appeal an adverse ruling in that regard. The court informed the defendant of its intention to proceed with the trial. The defendant replied that she wanted a continuance to obtain an attorney, and asserted that she would not proceed pro se. The court refused to grant a continuance, and the defendant asked that the record show that the trial was proceeding under duress.

The court then proceeded with the selection of a jury. During the voir dire examination, the defendant personally examined several prospective jurors. However, she maintained throughout the trial that she was not acting as her own lawyer.

In her opening statement the defendant told the jury that for many months she sought a change of venue for her trial. She explained that she had contacted more than a dozen attorneys who would not take her case because they had been pressured not to or believed they would be harassed. The defendant added that attorneys in Lake County would not appear in Cook County courts because of the harassment they encounter. The defendant explained that her trial was caused by political harassment and judicial duress.

John Caccese, a student at Northwestern University, testified that the defendant and her two children were residing in his fraternity house at 610 Lincoln Street, Evanston, Illinois. The defendant had executed a summer housing contract with the fraternity for the period of July 6 to July 13, 1976.

Caccese returned to the university for the fall term on September 11, 1976. He informed the defendant on several occasions that she must vacate the premises. On September 14, 1976, the defendant received, from an assistant dean of the university, a notice to vacate the premises by the following day.

On the afternoon of September 16, 1976, after the defendant and her daughter had left the premises, members of the fraternity moved the defendant's possessions from her room and placed them in her car. Subsequently, the lock to the front door of the fraternity house was changed.

When the defendant returned to the premises, she and Caccese began to argue. When the defendant picked up a board, Caccese yelled to a member of the fraternity to call the police. With the board, the defendant smashed a hole through the window near the door, reached through the hole and opened the door of the house.

Officer Paul Chuse of the Evanston Police Department testified that pursuant to a radio message in his squad car, he proceeded to the fraternity house. When he arrived the defendant was sitting inside the

house near the broken window. At this time the defendant admitted that she broke the window. Officer Chuse found the board inside the house near the window.

The defendant cross-examined each of the State's witnesses concerning certain portions of his direct testimony. She then requested a continuance to secure an attorney and witnesses. The court, however, only granted a short recess.

The defendant testified in her defense in a narrative form. On cross-examination she denied that she broke the window with the board, and she did not recall having a conversation with Officer Chuse during which she admitted that she broke the window. She stated that the person who rented the room to her told her that she could stay until September 20, 1976.

The defendant contends that she was denied her constitutional right to assistance of counsel when the trial court compelled her to proceed to trial. (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §8.) In addition, she argues that the trial court should have appointed counsel to represent her.

■■ As a preliminary matter, we note that even if the defendant was indigent she was not entitled to court-appointed counsel.[1] In *People v. Scott* (1977), 68 Ill. 2d 269, 369 N.E.2d 881, the supreme court held that a defendant is not entitled to the appointment of counsel under the Federal Constitution, the Illinois Constitution or the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1971, ch. 38, par. 113—3(b)) unless the penalty imposed is imprisonment. The United States Supreme Court affirmed this decision in *Scott v. Illinois* (1979), 440 U.S. 367, 59 L. Ed. 2d 383, 99 S. Ct. 1158, holding that the United States Constitution requires only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to appointed counsel. In the instant case the defendant was not sentenced to a term of imprisonment. Moreover, we do not believe that violation of the probation imposed would be grounds for imprisonment, for this would make possible a prison term based on the uncounseled conviction, a result forbidden by both *Scott* and *Baldasar v. Illinois* (1980), 48 U.S. L.W. 4481.

The issue presented for our consideration, therefore, is whether the defendant's dilatory tactics prior to trial constituted an effective waiver of counsel. Although an accused does have the right to be represented by counsel of his choice, he may not use this right to indefinitely thwart the administration of justice or delay the effective prosecution of trial. *People v. Solomon* (1962), 24 Ill. 2d 586, 182 N.E.2d 736, *cert. denied* (1962), 371 U.S. 853, 9 L. Ed. 2d 87, 83 S. Ct. 94; *People v. Mueller* (1954),

---

[1] However, at no time before or during trial did the defendant claim that she was indigent.

2 Ill. 2d 311, 118 N.E.2d 1; *People v. Spurlark* (1978), 67 Ill. App. 3d 186, 384 N.E.2d 767.

In the instant case the defendant received numerous continuances to obtain counsel commencing more than one year before the trial started. The record also reveals that the trial was delayed repeatedly because the defendant did not appear when her case was scheduled, and in one instance she fled the courtroom. We believe that the defendant had no intention of obtaining counsel and attempted to use her right to counsel as a tactical device to prevent her case from ever being brought to trial. See *Relerford v. United States* (9th Cir. 1962), 309 F.2d 706.

The defendant cites *People v. Eickelman* (1975), 32 Ill. App. 3d 665, 336 N.E.2d 61, to support her position that there was no effective waiver of counsel. However, *Eickelman* is distinguishable because in that case no more than a two-month delay occurred between the initiation of proceedings and trial. In addition, the court held that the trial court erred in not determining whether the defendant, who was sentenced to nine months imprisonment, was indigent when he appeared without counsel.

It is with extreme caution that we take the unusual action of holding that the defendant waived counsel by her conduct. (See *People v. Sheridan* (1978), 57 Ill. App. 3d 765, 373 N.E.2d 669.) However, it would be absurd to require the trial court to grant the defendant continuances indefinitely in order to evade trial.

The defendant further contends that compelling her to proceed to trial without counsel denied her due process of law. To support her argument the defendant points out that the trial court failed to advise her that she did not have to testify. Although we have found no Illinois decision which holds that a court must inform a pro se defendant of his right not to testify, this issue has been considered by courts in other States. Some courts have held that such a failure to inform violates the defendant's constitutional rights. (*People v. Solomos* (1978), 83 Cal. App. 3d 945, 148 Cal. Rptr. 248; *Cochran v. State* (Fla. App. 1960), 117 So. 2d 544; *People v. Morett* (1947), 272 App. Div. 96, 69 N.Y.S.2d 540. But see *Wright v. State* (Tex. Crim. App. 1955), 285 S.W.2d 762.) However, this error can be harmless where there is no possibility that the error affected the outcome of the trial. (*People v. Cervantes* (1978), 87 Cal. App. 3d 281, 150 Cal. Rptr. 819.) One court has held that the court must advise the defendant of his privileges and rights against self-incrimination only when the State's case rests solidly on the testimony of the defendant. *State v. Lucas* (1963), 24 Conn. Supp. 353, 190 A.2d 511.

In the instant case the court asked the defendant, "[D]o you wish to testify or put on any witness that you have here?" It did not advise her of her privileges and rights against self-incrimination. Although we find this omission erroneous, we believe that it was harmless error beyond a

reasonable doubt. (*Chapman v. California* (1967), 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824.) In her testimony the defendant made no incriminating statements and expressly denied breaking the window. In addition, the testimony of Caccese and the police officer was sufficient to convict the defendant beyond a reasonable doubt.

The defendant additionally maintains that she was unable to cross-examine witnesses, to request appropriate jury instructions, to object to improper testimony or to develop adequate defenses. However, the defendant does not now suggest what other jury instructions might have been given or what defense, especially relative to the property damage offense, might have been presented. Further, the record suggests that the defendant was not unfamiliar with legal proceedings when she conducted voir dire examination of potential jurors, interposed an objection to Caccese's direct examination based on a claim of hearsay which was sustained, or cross-examined the State's witnesses. While the defendant claims that counsel would have questioned the voluntariness of the defendant's admission of Officer Chuse that she broke the window, there is no present contention that such statement was involuntary.

From our examination of the record we conclude that the trial court took sufficient steps to insure that the defendant was afforded substantial justice during her trial and that reversible error did not occur. Accordingly, the judgments of the Circuit Court of Cook County are hereby affirmed.

Affirmed.

SIMON, P. J., and McNAMARA, J., concur.