THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANGELA MARIE MORGESE, Defendant-Appellant.

Second District    No. 79-758

Opinion filed March 27, 1981.

Mary Robinson and Josette Skelnik, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert L. Thompson, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE REINHARD delivered the opinion of the court:

The defendant, Angela Marie Morgese, was found guilty of retail theft of merchandise valued at less than $150 in violation of section 16A—3(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 16A—3(a)) in the circuit court of Du Page County in a bench trial. Subsequently she was sentenced to six months' probation and, as a condition of probation, was ordered to undergo psychological counseling.

The issue presented for review on this appeal is whether defendant, who was sentenced to a period of probation for misdemeanor theft, has a constitutional or statutory right to court-appointed counsel and, if so, whether defendant waived that right.

On June 6, 1979, a criminal complaint was filed against defendant charging her with retail theft of merchandise valued at less than $150. On June 18, 1979, defendant appeared in court with her husband to answer the charge and the following colloquy took place between defendant's husband and the trial judge:

"THE COURT: Do you intend to hire an attorney to represent her at the trial?

MR. MORGESE: Well, your Honor, if it's necessary to have an attorney.

THE COURT: It isn't required, but it's something that you

should decide for yourself whether you wish to be represented by an attorney.

You can proceed without one or with one, whichever you choose.

\* \* \*

If you decide that you want legal advice, then you should hire an attorney to be with you in court on August 2nd.

If you feel that you do not need an attorney you should appear without a lawyer on August 2nd at 1:30. You'll be given the opportunity to testify in your own behalf. And the State will have the obligation to prove your guilt beyond a reasonable doubt."

On August 2, 1979, defendant again appeared without counsel and requested a continuance for the purpose of obtaining an attorney to represent her. The defendant stated: "I just got a job two months ago and need more time." At that point, the assistant State's Attorney interjected: "I believe the defendant's husband has gone through bankruptcy proceedings." The trial court continued the case until August 23, 1979.

On August 23, 1979, defendant again appeared without counsel and entered a plea of not guilty. The case was set for bench trial on October 10, 1979. Following the October 10, 1979, bench trial, at which defendant again appeared *pro se*, the trial court found the defendant guilty and entered judgment of conviction. Thereafter, defendant was sentenced to six months' probation and, as a condition of probation, was ordered to undergo psychological counseling.

It is clear that the United States Supreme Court's recent decision in *Scott v. Illinois* (1979), 440 U.S. 367, 59 L. Ed. 2d 383, 99 S. Ct. 1158, defeats defendant's argument that she had a constitutional right to court-appointed counsel where she was sentenced to a period of probation for a misdemeanor conviction. In *Scott*, the United States Supreme Court affirmed the Illinois Supreme Court's decision that the Federal Constitution does not require a State trial court to appoint counsel for an indigent defendant who is charged with a statutory offense for which imprisonment upon conviction is authorized but not actually imposed upon the defendant. The defendant in *Scott* had argued that an indigent defendant charged with a criminal offense which, upon conviction, carries the potential for imprisonment is constitutionally entitled to court-appointed counsel, even if the conviction results in only the levying of a fine. In rejecting this argument, the United States Supreme Court discussed its prior decision in *Argersinger v. Hamlin* (1972), 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006, and concluded:

"Although the intentions of the *Argersinger Court* are not unmistakably clear from its opinion, we conclude today that *Argersinger* did indeed delimit the constitutional right to ap-

pointed counsel in state criminal proceedings. Even were the matter *res nova*, we believe that the central premise of *Argersinger*—that actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment—is eminently sound and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel. *Argersinger* has proved reasonably workable, whereas any extension would create confusion and impose unpredictable, but necessarily substantial, costs on 50 quite diverse States. We therefore hold that the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense." 440 U.S. 367, 373-74, 59 L. Ed. 2d 383, 389, 99 S. Ct. 1158, 1162.

Since the United States Supreme Court explicitly ruled that actual imprisonment is the line defining the constitutional right to appointment of counsel, there is no basis for defendant's claim that she had a constitutional right to court-appointed counsel where the penalty imposed was only probation. Absent actual imprisonment as a sentence, an indigent defendant has no constitutional right to court-appointed counsel.

Next, defendant argues that she had a statutorily created right to counsel. Section 113—3(b) of the Code of Criminal Procedure of 1963 provides in pertinent part:

"In all cases, except where the penalty is a fine only, if the court determines that the defendant is indigent and desires counsel, the Public Defender shall be appointed as counsel." (Ill. Rev. Stat. 1979, ch. 38, par. 113—3(b).)

Defendant argues that this language is unambiguous in providing for court-appointed counsel in all criminal cases except where the penalty imposed is a fine only. Since the penalty imposed herein, *i.e.*, probation, is clearly not a fine, defendant maintains that the above-cited provision is applicable and that she should have had the benefit of court-appointed counsel. As a further rationale in support of her interpretation of the above provision, defendant reasons that "a sentence of probation accompanied by restrictive conditions deprives a defendant of certain liberties and is thus more akin to a sentence of imprisonment than to a fine."

The State, on the other hand, argues that there is no statutory right in Illinois to court-appointed counsel absent an actual sentence of imprisonment. In other words, the State's position is that section 113—3(b) is merely reflective of the constitutional requirements for appointment of counsel in criminal cases as set out in *Scott v. Illinois* (1979), 440 U.S. 367, 59 L. Ed. 2d 383, 99 S. Ct. 1158. In support of this position, the State cites *People v. Guice* (1979), 83 Ill. App. 3d 914, 404 N.E.2d 261. In addressing

the defendant's argument that the trial court should have appointed counsel to represent her, the *Guice* court said:

"As a preliminary matter, we note that even if the defendant was indigent she was not entitled to court-appointed counsel. In *People v. Scott* (1977), 68 Ill. 2d 269, 369 N.E.2d 881, the supreme court held that a defendant is not entitled to the appointment of counsel under the Federal Constitution, the Illinois Constitution or the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1971, ch. 38, par. 113—3(b)) unless the penalty imposed is imprisonment. The United States Supreme Court affirmed this decision in *Scott v. Illinois* (1979), 440 U.S. 367, 59 L. Ed. 2d 383, 99 S. Ct. 1158, holding that the United States Constitution requires only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to appointed counsel." 83 Ill. App. 3d 914, 917, 404 N.E.2d 261, 263.

■■ We believe that the drafters of 113—3(b) intended to distinguish fines from all other penalties, which at that time included the alternate disposition of probation as well as imprisonment, by its unambiguous language: "In all cases, except where the penalty is a fine only * * *." (Ill. Rev. Stat. 1979, ch. 38, par. 113—3(b).) Therefore, under the plain meaning of this statutory provision, an indigent criminal defendant is entitled to court-appointed counsel in all cases except where the penalty imposed is a fine only. As the court said in *Bovinette v. City of Mascoutah* (1973), 55 Ill. 2d 129, 302 N.E.2d 313:

"The language of these sections of the statute is plain and certain and must be given effect by the courts. We cannot read into the statute words which are not within the plain intention of the legislature as determined from the statute itself. (*Donahoo v. Board of Education*, 413 Ill. 422, 426, 109 N.E.2d 787; *Smith v. Board of Education*, 405 Ill. 143, 148, 89 N.E.2d 893.) We cannot restrict nor enlarge the plain meaning of an unambiguous statute. *People ex rel. Nelson Bros. Storage and Furniture Co. v. Fisher*, 373 Ill. 228, 234." (55 Ill. 2d 129, 133, 302 N.E.2d 313, 316.)

Stated differently, the plain meaning of this statutory provision, interpreted in light of *People v. Scott* (1977), 68 Ill. 2d 269, 369 N.E.2d 881, is that a trial court is precluded from imposing a penalty other than a fine on an indigent criminal defendant unless he has been afforded the right to appointed counsel or has waived that right.

*People v. Guice* (1979), 83 Ill. App. 3d 914, 404 N.E.2d 261, which the State relies on in support of its position that there is no statutory right to court-appointed counsel except where the penalty imposed is imprisonment, is, we believe, a misstatement of the law. In *Guice*, the court

interpreted *People v. Scott* (1977), 68 Ill. 2d 269, 369 N.E.2d 881, as holding in part that "a defendant is not entitled to the appointment of counsel under * * * the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1971, ch. 38, par. 113—3(b)) unless the penalty imposed is imprisonment." (83 Ill. App. 3d 914, 917, 404 N.E.2d 261, 263.) The supreme court did not so rule, however. They merely held, in regard to the claimed statutory right to counsel, that "[w]here the court imposes a penalty of a fine only, a defendant is not statutorily entitled to appointed counsel." (68 Ill. 2d 269, 274, 369 N.E.2d 881, 883.) The court did not address the question of whether an indigent defendant who receives a penalty other than a fine or imprisonment is statutorily entitled to court-appointed counsel.

■■ In short, from a literal reading of section 113—3(b), defendant herein, who was sentenced to a period of probation, was statutorily entitled to court-appointed counsel since she received a penalty other than a fine only. Assuming that our interpretation is correct, section 113—3(b) exceeds the constitutional requirements for court-appointed counsel since it gives a statutory right to appointed counsel in cases other than where imprisonment is imposed as a penalty. While we are cognizant of the potential burdensome consequences of this decision, we simply cannot ignore the plain meaning of the words in section 113—3(b); if the legislature does not now desire this result, especially in view of legislative enlargement of the range of penalties available to the court such as conditional discharge and supervision, they are, of course, free to amend this provision to reflect their intentions.

■■ ■ Having decided that defendant had a statutory right to counsel under section 113—3(b), we must address the question of whether, under the facts of this case, defendant waived that right. Since there is not a constitutional right to appointed counsel herein, the constitutional requirement of a "knowing and intelligent waiver" is inapplicable. Furthermore, the statutory provision for appointment of counsel requires appointment only "if the court determines that the defendant is indigent and *desires counsel* * * *." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 38, par. 113—3(b).) In *People v. Dupree* (1969), 42 Ill. 2d 249, 246 N.E.2d 281, the Illinois Supreme Court interpeted this provision as requiring affirmative conduct on the part of an accused:

> "It is patent from the plain words of the statute that this statute envisages that there be a showing that defendant desired and requested counsel. The evidence and contentions here show no such desire or request by defendant. Therefore we perceive no violation of this provision of the Code of Criminal Procedure." (42 Ill. 2d 249, 251-52, 246 N.E.2d 281.)

Defendant herein never requested appointment of counsel and, in fact, represented to the trial court that she intended to retain counsel on her own. Thus, she did not satisfy the requisites of section 113—3(b).

■■ Furthermore, as the *Dupree* court recognized, the rights afforded an accused in section 113—3(b) are further qualified by Supreme Court Rule 401(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 401(a)), which provides:

> "(a) Waiver of Counsel. Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense *punishable by imprisonment* without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:
>
> * * *
>
> (3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." (Emphasis added.)

As the court noted in *People v. Warfel* (1979), 67 Ill. App. 3d 620, 385 N.E.2d 175, the purpose of Supreme Court Rule 401 is "to assure a knowing and intelligent waiver of counsel * * * because in each instance the defendant is waiving constitutional rights." (67 Ill. App. 3d 620, 627, 385 N.E.2d 175, 180; see also *People v. Brown* (1980), 80 Ill. App. 3d 616, 626, 399 N.E.2d 1374, 1380.) Hence, it is clear that Supreme Court Rule 401 places on the trial court an affirmative duty to advise an accused of his right to appointed counsel where the offense is one "punishable by imprisonment" and, therefore, one for which there is a constitutional right to counsel. Examining this provision in light of *People v. Scott* (1977), 68 Ill. 2d 269, 369 N.E.2d 881, and *Scott v. Illinois* (1979), 440 U.S. 367, 59 L. Ed. 2d 383, 99 S. Ct. 1158, it only makes sense if interpreted to mean that no unrepresented, indigent criminal defendant can be sentenced to a term of imprisonment unless there is a showing on the record that he waived his constitutional right to counsel pursuant to the provisions of Supreme Court Rule 401.

■■ In short, where an indigent criminal defendant is sentenced to a period of probation, as in this case, although there is a statutory right to counsel where the defendant requests it pursuant to section 113—3(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 113—3(b)), there is no requirement that the trial court advise the defendant of this right or that there be a knowing and intelligent waiver of the right, since it is not constitutional in origin and the requirements of Supreme Court Rule 401 are inapplicable. Defendant has cited no authority, nor do we believe any exists, for the proposition that the trial court is required to inform defendant of this purely statutory right to counsel or that the trial court is required to make an independent determination on the record to assure a knowing and intelligent waiver of the right.

Finally, we must address the recent decision by the Fourth District in *People v. Derra* (1981), 92 Ill. App. 3d 1106, which is offered by defendant herein as additional authority. In *Derra*, the defendant was convicted by a jury of driving while under the influence of intoxicating liquor and was sentenced to a one year term of probation and ordered to attend an alcoholism program. The appellate court reversed, holding that the defendant, who proceeded *pro se* at trial, had not effectively waived counsel pursuant to Supreme Court Rule 401(a). While our interpretation of that rule is inconsistent with the result reached in *Derra*, we do not consider that case binding authority for the issues presented to us. In *Derra*, the court apparently assumed, without discussion, that the defendant had a right to court-appointed counsel even though the penalty imposed therein was only probation. While this assumption is consistent with our analysis concerning the meaning of section 113—3(b) of the Code of Criminal Procedure (Ill. Rev. Stat. 1979, ch. 38, par. 113—3(b)), the court did not address that issue or discuss section 113—3(b), *People v. Scott* (1977), 68 Ill. 2d 269, 369 N.E.2d 881, or *Scott v. Illinois* (1979), 440 U.S. 367, 59 L. Ed. 2d 383, 99 S. Ct. 1158. Furthermore, assuming that section 113—3(b) provides a statutory right to counsel where the penalty imposed is probation, the *Derra* court assumed further that Supreme Court Rule 401(a) was applicable where the penalty imposed was probation. Such a result is, in our view, inconsistent with our supreme court's decision in *People v. Scott* (1977), 68 Ill. 2d 269, 369 N.E.2d 881.

In *Scott*, the court held that the phrase "where the penalty is a fine only" in section 113—3(b) of the Criminal Code referred not to the prescribed or authorized statutory penalty, but rather to the actual punishment imposed upon conviction. Reading Supreme Court Rule 401(a) in this light, the language "offense punishable by imprisonment" can only logically mean an offense for which an actual sentence of imprisonment is imposed, rather than an offense for which imprisonment is statutorily authorized. To read Rule 401(a) to mean that the admonition of right to counsel must be given prior to waiver of counsel in any criminal prosecution for which imprisonment may be an authorized sentence upon conviction would lead to absurd results. If that were the case, the trial court would be required to advise an accused of his right to counsel prior to a waiver where the offense involved *could* result in imprisonment upon conviction, even though under *Scott*, the defendant would not have a right to counsel unless he were actually sentenced to imprisonment. To restate our interpretation of Rule 401(a) in light of *Scott*: no unrepresented, indigent criminal defendant can be sentenced to a term of imprisonment unless the record indicates that there was a waiver in accordance with the provisions of Rule 401(a). Notwithstanding *Derra*,

since actual imprisonment was not involved herein, the trial court was not required to comply with Rule 401(a) even though defendant could have been sentenced to a period of imprisonment.

For the foregoing reasons we affirm the judgment of conviction and sentence.

Affirmed.

LINDBERG and UNVERZAGT, JJ., concur.