THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
FAIRLEIGH GRAY, Defendant-Appellant.

First District (3rd Division)    No. 79-364

Opinion filed May 20, 1981.

Brown, Goodman & Carper, Ltd., of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Mary Ellen Dienes, and William Gamboney, Assistant State's Attorneys, of counsel), for the People.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:

The defendant, Fairleigh Gray, was charged in a two-count information with possession of a stolen vehicle and theft. Following a bench trial, the defendant was found guilty of theft and sentenced to the Illinois Department of Corrections for a term of 3 to 9 years. On appeal the defendant contends that (1) the trial court erred by refusing to allow him to withdraw his jury waiver and by failing to inquire whether said waiver was voluntary; (2) he was denied the right to counsel of his choice; (3) the trial court erred by denying his motion for a new trial without conducting an evidentiary hearing; and (4) his sentence was excessive.

The defendant was arrested on February 23, 1977, in connection with the theft of a 1968 automobile. The record indicates that on April 11, 1977, the defendant was represented in court by an assistant public defender of Cook County. From that date the defendant's trial was continued eight times by agreement of the parties and three times on the motion of the defendant.

On March 8, 1978, the trial was scheduled to begin before a jury. The defendant's attorney informed the court that the defendant desired to waive a trial by jury and had signed a written jury waiver. Following the defendant's signature on the waiver is some writing which appears to read "while into."

The trial court asked the defendant if he understood that he had the right to a jury trial and if he desired to waive that right. The defendant replied, "Yes, sir" to both questions. The court asked the defendant if the signature on the jury waiver was his signature. The defendant again answered, "Yes, sir." The court then questioned the defendant concerning his age and education and concluded that the defendant "knowingly and intelligently waives his right to a jury trial and elects to be tried by this court * * *." The trial was continued to April 13, 1978, and on that date to May 11, 1978.

On May 11 the defendant and his attorney informed the court that two defense witnesses were unavailable due to their intoxication. The court agreed to give the defendant sufficient time to subpoena these witnesses. The defendant's attorney then requested that the court inquire

of the defendant whether he felt that he was being adequately represented. Thereafter, the following colloquy occurred:

"The Defendant: At this time I feel as though I haven't been properly represented. In the first place when I appeared in Court a month, two months ago—the fact I could not get a continuance without having a jury trial because my witnesses was suppose to be intoxicated and I also was too.

* * *

I asked the court for approximately two weeks continuance so I can get these witnesses and another attorney.

The Court: You will have a chance to get the witness, Mr. Gray.

The Defendant: I would like to have another attorney of my own choice because me and my attorney, I'm not discrediting him or anything but we got differences and we can't get together.

Defendant's attorney: The primary difference, if I may state, I believe you heard Mr. Gray say that Mr. Gray is basically alleging at this point that he waived the jury to get a continuance. * * *"

The court advised the defendant that his attorney was representing him well and would continue to do so. The court also assured the defendant that he would have an opportunity to subpoena his witnesses. The defendant asked "just give me three or four days," and the court agreed.

The trial commenced and the State presented its evidence. At the close of the evidence the defendant moved for a directed finding of not guilty. This motion was denied and the trial was continued to May 19, 1978.

On May 19 the defendant did not appear in court, although his witnesses were present. The trial was continued to May 22, 1978, and again the defendant failed to appear. After the court denied the defense counsel's request for another continuance, the defense rested. The court found the defendant guilty of theft and set June 26 as the date for sentencing. When the defendant failed to appear at the sentencing hearing, the trial court sentenced him to a term of imprisonment of 3 to 9 years.

Subsequently, the defendant appeared in court and the trial court conducted a further hearing in aggravation and mitigation. On August 7, 1978, the defendant again was sentenced to a term of imprisonment of 3 to 9 years.

On September 5, 1978, the defendant, with new counsel, filed a written motion for a new trial. On November 29, 1978, at a hearing on the motion, the defendant's attorney requested an evidentiary hearing to show the existence of new evidence which would establish his innocence. The trial court denied the request and denied the defendant's motion.

The defendant first contends that the trial court erred by refusing to allow him to withdraw his jury waiver. However, the record reveals that neither the defendant nor his attorney asked to withdraw the waiver. Although the defendant did indicate to the court that he waived a jury in order to obtain a continuance, this statement cannot be construed as a request to withdraw the waiver.

The defendant also argues that the trial court failed to ascertain whether he voluntarily waived a jury trial. Every person accused of an offense has the right to a trial by jury unless he understandingly waives this right in open court. (Ill. Rev. Stat. 1977, ch. 38, par. 103—6.) Whether there is a knowing and understanding waiver of a jury trial depends on the facts and circumstances of each case and, accordingly, there is no precise formula for determining whether such a waiver is understandingly made. *People v. Richardson* (1965), 32 Ill.2d 497, 207 N.E.2d 453; *People v. Sakalas* (1980), 85 Ill. App. 3d 59, 405 N.E.2d 1121.

After reviewing the circumstances surrounding the waiver in the instant case, we believe that the defendant knowingly waived his right to a jury trial. The defendant executed a written jury waiver after conferring with counsel. Moreover, he orally waived a jury on March 8 after the trial court advised him of his rights and questioned him concerning his ability to understand his decision.

The defendant argues that the notation "while into" on the waiver form should have given notice to the court that the execution of the document was an involuntary act due to his intoxication. We first note that the writing on the waiver is not clear and its meaning is ambiguous. In addition, there is no evidence to indicate that the defendant was intoxicated at the March 8 hearing. The trial court questioned the defendant, observed his demeanor and concluded that his decision was made with knowledge and intelligence. The defendant also contends that the trial court should have questioned the defendant concerning the voluntariness of the waiver on May 11. On that date, the defendant stated that he waived a jury in order to obtain a continuance but he did not attempt to withdraw the waiver.

As discussed above the trial court determined that the defendant voluntarily waived a jury trial at the time the waiver was made. The fact that the defendant subsequently expressed the reason for his decision did not require the trial court to conduct a second hearing.

The second issue raised by the defendant is whether he was denied the right to counsel of his choice. The defendant argues that when he expressed his dissatisfaction with the public defender representing him, the trial court should have granted a continuance to enable him to obtain different counsel.

■■ Although a defendant has the right to be represented by counsel of his choice, he may not use this right to indefinitely thwart the administration of justice or to delay the effective prosecution of trial. (*People v. Solomon* (1962), 24 Ill.2d 586, 182 N.E.2d 736, *cert. denied* (1962), 371 U.S. 853, 9 L. Ed. 2d 87, 83 S. Ct. 94; *People v. Guice* (1979), 83 Ill. App. 3d 914, 404 N.E.2d 261.) The determination of the point at which a defendant's right to counsel of his choice unreasonably interferes with the administration of justice depends upon the circumstances of each case. (*People v. Langdon* (1979), 73 Ill. App. 3d 881, 392 N.E.2d 142.) Therefore, the granting of a continuance for the substitution of counsel is a matter resting within the sound discretion of the trial court. (*People v. Cross* (1979), 77 Ill.2d 396, 396 N.E.2d 812, *cert. denied* (1980), 445 U.S. 929, 63 L. Ed. 2d 762, 100 S.Ct. 1316.) Before a conviction will be reversed because of the denial of such a motion, it must appear that the refusal of additional time in some manner embarrassed the accused in preparing his defense and prejudiced his right. *People v. Solomon.*

■■ We do not believe that the trial court abused its discretion in the instant case. The defendant's attorney had represented him for more than a year prior to the commencement of the trial. Numerous continuances were granted by the trial court, and the defendant had ample opportunity to retain other counsel. Although the transcript of the April 13, 1978, hearing is not a part of the record, the defendant subsequently asserted that the trial was continued on that date so that he could obtain a new attorney.

When the defendant expressed his dissatisfaction with his attorney on the day of trial, he did not indicate that he had attempted to obtain other counsel. (See. *People v. Handley* (1977), 51 Ill. App. 3d 68, 366 N.E.2d 405.) His only explanation for his dissatisfaction was that "differences" existed between his attorney and himself. We believe the trial court reasonably could conclude that the defendant was engaging in dilatory tactics.

In addition, the defendant has failed to show any prejudice resulting from the trial court's ruling. The defendant argues that his attorney failed to present any witnesses in his behalf; however, this decision certainly was prompted by the defendant's willful failure to appear in court. Moreover, the defendant has not indicated what the witnesses' testimony would have been or how the testimony would have weighed in his favor. Without a showing of prejudice, this court cannot reverse the defendant's conviction. *People v. Solomon.*

The third issue raised by the defendant is whether the trial court erred by denying his motion for a new trial without conducting an evidentiary hearing. In his motion, the defendant alleged the existence of

new evidence which would establish his innocence. At the hearing on this motion his request for an evidentiary hearing to set forth this evidence was denied.

■■ The defendant was found guilty of theft on May 22, 1978. He filed his motion for a new trial on September 5, 1978. Our Code of Criminal Procedure provides that a written notice for a new trial shall be filed by the defendant within 30 days following the entry of a finding or the return of a verdict. (Ill. Rev. Stat. 1977, ch. 38, par. 116—1(b).) The defendant's motion was not timely filed and the trial court properly denied it. See *People v. Colletti* (1971), 48 Ill.2d 135, 268 N.E.2d 397.

■■ Furthermore, a motion for a new trial alleging newly discovered evidence must be accompanied by the defendant's affidavit showing his lack of prior knowledge of this evidence and his diligence in obtaining it. In addition, the defendant must attach additional affidavits of the witnesses who would testify concerning the new evidence on retrial, unless the lack of such affidavits are sufficiently explained. *People v. Boyce* (1977), 51 Ill. App. 3d 549, 366 N.E.2d 914.

The defendant's motion did not describe the new evidence. He made no allegation that the evidence was discovered subsequent to his trial or that it could not have been discovered prior to trial by the exercise of due dilligence. The defendant presented no affidavits in support of his motion. Therefore, the trial court properly denied his motion without conducting a hearing. *People v. Boyce.*

Finally, the defendant contends that the sentence of 3 to 9 years was excessive. Our supreme court has held that absent an abuse of discretion, the reviewing court may not alter the sentence of the trial court. *People v. Perruquet* (1977), 68 Ill.2d 149, 368 N.E.2d 882.

■■ In the instant case the trial court considered the fact that the defendant had prior convictions for robbery and armed robbery. The court also considered the fact that the defendant failed to appear at trial and his sentencing hearing. In view of the defendant's record and conduct, and the latitude given the trial court in sentencing, we do not believe that the trial court abused its discretion.

For the foregoing reasons the judgment of the Circuit Court of Cook County is hereby affirmed.

Affirmed.

RIZZI, P. J., and McNAMARA, J., concur.