THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
TIMOTHY J. MATTISON, Defendant-Appellant.

Second District   No. 2—85—0977

Opinion filed November 20, 1986.

Terry D. Slaw, of Torii & Slaw, P.C., of Bensenville, for appellant.

James E. Ryan, State's Attorney, of Wheaton (Kenneth R. Boyle, of
State's Attorneys Appellate Prosecutor's Office, of Springfield, and William
L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prose-
cutor's Office, of Elgin, of counsel), for the People.

PRESIDING JUSTICE NASH delivered the opinion of the court:

After a bench trial, defendant, Timothy J. Mattison, was found
guilty of operating a motor vehicle when his driver's license was sus-
pended (Ill. Rev. Stat. 1985, ch. 95½, par. 6—303(a)), and he was sen-
tenced to one year of conditional discharge with 200 hours of public

service employment and assessed court costs of $75. Defendant appeals, contending (1) that his guilt was not established beyond a reasonable doubt and (2) that the trial court erred in permitting defendant to proceed to trial *pro se* without admonishing him pursuant to Supreme Court Rule 402(a) (87 Ill. 2d R. 402(a)) of his right to appointed counsel.

When defendant's case was called for trial, the State answered it was ready to proceed on the charge of driving after suspension and nol-prossed two other misdemeanor charges. The judge inquired of defendant whether he was ready for trial and defendant responded "Yes." The assistant State's Attorney then stated: "[The] People are ready. I'm not certain the Defendant is ready to proceed. I don't know if he wants time to get an attorney." The judge stated to defendant, "You said you were ready," and defendant responded, "I'm ready." The trial then proceeded without any request by defendant for counsel or admonitions by the court relating to counsel.

Police officer Michael La Pointe testified that he had responded to a call to 818 Brentwood Drive in Bensenville on July 31, 1985, and saw defendant sitting behind the wheel in a Camaro automobile attempting to start it; the keys were in the ignition, and the vehicle was parked on the street. The officer advised defendant he was under arrest for certain charges unrelated to this appeal, and also advised defendant that if his license was suspended he would be charged for driving while license suspended.

Officer La Pointe also identified an exhibit offered by the State as a certificate from the Secretary of State's office that defendant's driver's license was in suspension on July 31, 1985.

Defendant testified, as relevant to this appeal, that there were items under the hood of "Andrea's" car which he had purchased and, when she wouldn't come out to talk to him, he pulled off a chrome retaining cap which contained wires to the ignition and the wires came off. The police pulled up then and arrested him for criminal damage to property, battery, and driving while license suspended. Defendant stated that the keys were in the ignition so that when the wires were replaced, the car would turn over and not backfire. He denied being behind the wheel of the car when the first officer arrived and leaving it when the second officer arrived. Defendant also testified that he had to go back into the vehicle to get his wallet out of the car for the officer.

The State called Officer William Spradling in rebuttal, who testified that he was dispatched to that location and, on arrival, saw defendant exiting the car.

The trial court found defendant guilty, and the State recommended he be sentenced to 120 days in jail, as defendant had been convicted of the same offense on three prior occasions. The court inquired of defendant whether he had a job, to which defendant replied, "No, I don't, your Honor. That was one of the reasons I wasn't able to obtain a lawyer."

We consider first whether there was sufficient evidence to establish defendant's guilt beyond a reasonable doubt.

■ Defendant contends there was no evidence he was driving the vehicle, nor did he admit he had been doing so, at the time of his arrest. Defendant also notes there was no evidence that the vehicle's motor was running at that time. He argues that, at most, there was testimony he was sitting in the car attempting to start it and had left the car from the driver's side of it. Defendant cites *People v. Younge* (1980), 83 Ill. App. 3d 305, 404 N.E.2d 415, in support of his assertion a reasonable doubt remains whether he drove the vehicle.

Defendant does not dispute the evidence that, at the time in question, his driver's license was suspended. Although the traffic citation or complaint upon which defendant was tried is not found in the record provided to this court, defendant raises no issues relating to the sufficiency of the charge and agrees that he was convicted of the offense of driving while his license was suspended pursuant to section 6—303(a) of the Illinois Vehicle Code (Code). Section 6—303(a) of the Code provides:

> "Driving while driver's license, permit or privilege to operate a motor vehicle is suspended or revoked. (a) Any person who drives or is in actual physical control of a motor vehicle on any highway of this State at a time when such person's driver's license, permit or privilege so to do or the privilege to obtain a driver's license or permit is revoked or suspended as provided by this Code or any other law, except as may be specifically allowed by a restricted driving permit issued under this Code, shall be guilty of a Class A misdemeanor." Ill. Rev. Stat. 1985, ch. 95½, par. 6—303.

An argument similar to that made by defendant here was rejected by the court in *People v. Guynn* (1975), 33 Ill. App. 3d 736, 338 N.E.2d 239, in which it considered a section of the Illinois Vehicle Code containing the same language as in the present case. Section 11—501(a) of the Code defined the offense of driving while under the influence of intoxicating liquor as follows:

> "No person who is under the influence of intoxicating liquor may *drive or be in actual physical control* of any vehicle within

this State." (Emphasis added.) (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501(a).)

In response to defendant Guynn's argument that his conviction must be reversed as he was not shown to have been actually driving the vehicle, the reviewing court determined that was not required by the language of the Code as "the term 'driving' is used to include both the actual operation of a moving vehicle and the circumstance of being 'in actual physical control' of the vehicle, even though it may not be moving." (*People v. Guynn* (1975), 33 Ill. App. 3d 736, 738, 338 N.E.2d 239.) See also *People v. Clark* (1977), 47 Ill. App. 3d 568, 570, 362 N.E.2d 407; *People v. Chamberlain* (1972), 5 Ill. App. 3d 235, 240, 282 N.E.2d 784; *People v. Mundorf* (1968), 97 Ill. App. 2d 130, 239 N.E.2d 690.

We consider the reasoning of the court in *People v. Guynn* relating to the offense of driving a motor vehicle while intoxicated to apply also to the present offense. Under section 6—303(a) of the Code, too, one who either drives "or is in actual physical control of a motor vehicle on a highway" when his driver's license is suspended is guilty of the offense for which defendant was convicted.

We find the evidence to be sufficient to establish beyond a reasonable doubt that defendant was in actual physical control of the vehicle at the time of his arrest. He had sole possession of it, the keys were in the ignition, and he was attempting to start the car when interrupted by the police officer. Defendant's wallet was also in the vehicle, according to his testimony. See *People v. Foster* (1985), 138 Ill. App. 3d 44, 46, 485 N.E.2d 603; *City of Marquette Heights v. Clarkson* (1978), 64 Ill. App. 3d 162, 164, 380 N.E.2d 1213; *People v. Toler* (1975), 32 Ill. App. 3d 793, 798-800, 336 N.E.2d 270; *People v. Mundorf* (1968), 97 Ill. App. 2d 130, 239 N.E.2d 690.

■ Defendant also contends that the trial court erred in failing to admonish him of his right to counsel pursuant to Supreme Court Rule 401 (87 Ill. 2d R. 401) and permitting defendant to proceed to trial *pro se*, citing *People v. Derra* (1981), 92 Ill. App. 3d 1106, 416 N.E.2d 688.

We find the decision of this court in *People v. Morgese* (1981), 94 Ill. App. 3d 638, 418 N.E.2d 1124, *appeal denied* (1981), 85 Ill. 2d 572, to be dispositive of the issue. In *Morgese* the court analyzed Supreme Court Rule 401 in light of *People v. Scott* (1977), 68 Ill. 2d 269, 369 N.E.2d 881, *aff'd* (1979), 440 U.S. 367, 59 L. Ed. 2d 383, 99 S. Ct. 1158. It concluded that where a defendant has been actually sentenced to probation, rather than imprisonment, there is no requirement that the trial court advise defendant of his statutory right to

counsel (Ill. Rev. Stat. 1985, ch. 38, par. 113—3(b)) or find that there was a knowing and intelligent waiver of the right, since it is not constitutional in origin and the requirements of Supreme Court Rule 401 do not apply. (*People v. Morgese* (1981), 94 Ill. App. 3d 638, 644, 418 N.E.2d 1124.) In *Morgese*, this court declined to follow a contrary determination made by the Fourth District in *People v. Derra* (1981), 92 Ill. App. 3d 1106, 416 N.E.2d 88, upon which defendant relies.

Section 113—3(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 113—3(b)) does provide that the public defender may be appointed to represent an indigent defendant who desires counsel in all cases except where the penalty is a fine only. It has been held, however, that there must be a showing defendant desired or requested such appointment of counsel and that defendant was indigent. (*People v. Dupree* (1969), 42 Ill. 2d 249, 251, 246 N.E.2d 281; *People v. Sebag* (1982), 110 Ill. App. 3d 821, 826, 443 N.E.2d 25; *People v. Morgese* (1981), 94 Ill. App. 3d 638, 643-44, 418 N.E.2d 1124, *appeal denied* (1981), 85 Ill. 2d 572.) In the present case, defendant appeared in court for trial without counsel and made no representation before trial that he was indigent; he never requested appointment of counsel and twice responded to the court's inquiries that he was ready for trial.

We conclude that the constitutional and statutory requirements for inquiry by the trial court or appointment of counsel were not implicated in this case and the trial court did not err in permitting defendant to proceed to trial *pro se.*

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

REINHARD and WOODWARD, JJ., concur.