THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES PHILLIPS, Defendant-Appellant.

First District (4th Division)   No. 1—89—0641

Opinion filed March 15, 1990.

Howard Pomer & Associates, of Chicago (Thomas N. Auwers, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund and Walter P. Hehner, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LINN delivered the opinion of the court:

After a bench trial, defendant James Phillips was found guilty of battery and sentenced to one year's probation and assessed a fine of $90. Defendant contends that he did not knowingly and intelligently waive his sixth amendment right to counsel.

On February 14, 1989, defendant appeared before the trial court, where the trial judge asked him if he had an attorney. Defendant responded that he thought he could represent himself. The trial judge then asked him if he had gone to law school. After defendant replied that he had not, the trial judge advised him that he was charged with battery, a Class A misdemeanor having a maximum sentence of one year and a maximum fine of $1,000. The trial judge then stated that he would protect defendant's constitutional rights and that an assistant State's Attorney would be presenting the case against him. He then warned defendant that if found guilty, he would not be allowed to have a new trial. The trial judge told defendant that it was important that he understood what was happening and then asked him if he still wanted to represent himself. Defendant replied that he did. The case was later recalled for trial, and the trial court again advised defendant of the maximum sentence he could receive. The trial judge then asked defendant if he wanted to waive a jury trial, and defendant replied that he did.

Defendant contends that he was not sufficiently admonished by the trial court of his rights under Illinois Supreme Court Rule 401(a) (107 Ill. 2d R. 401(a)) prior to waiving his right to counsel.

■ The State argues that defendant has waived his right to raise the issue of a valid waiver of counsel because he failed to raise the issue in his motion for a new trial. We are in agreement with the State, but although we need not consider this issue (*People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124), we choose to consider the merits of defendant's appeal.

Illinois Supreme Court Rule 401(a) provides that prior to permitting a waiver of counsel by defendant, the trial court must inform him and determine that he understands the following:

"(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." 107 Ill. 2d R. 401(a).

■ Defendant argues that, because the trial court failed to advise him of the minimum sentence he could receive, his waiver was invalid. However, we find that the trial court clearly admonished defendant of the maximum penalties allowed and that he was not prejudiced when he received less than the maximum sentence. See *People v. Johnson* (1988), 119 Ill. 2d 119, 518 N.E.2d 100.

■ Next, defendant contends that he was never advised that he could have counsel appointed for him by the trial court if he were indigent. However, where actual imprisonment does not occur, defendant has no basis for claiming violation of a constitutional right to court-appointed counsel. (*People v. Morgese* (1981), 94 Ill. App. 3d 638, 418 N.E.2d 1124.) Further, the record indicates that not only was defendant not indigent, but he used the fact of his employment as the basis of his defense to the crime. For these reasons we find that defendant was not prejudiced by the trial court's failure to advise him that an indigent defendant could have an attorney appointed by the court.

■ Defendant argues that the trial court made no attempt to determine whether he understood the charges against him or was competent to knowingly waive counsel. In Illinois the trial court must make a subjective evaluation of competence and its finding will not be disturbed unless it is against the manifest weight of the evidence. (*People v. Kessler* (1983), 113 Ill. App. 3d 354, 447 N.E.2d 495.) Reviewing the record, we find no indication that defendant was incompetent or otherwise handicapped such that he merited special consideration by the trial court.

Accordingly, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

McMORROW, P.J., and JOHNSON, J., concur.