THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL ADAMS, Defendant-Appellant.

First District (2nd Division)   No. 1—90—2234

Opinion filed October 12, 1993.

Rita A. Fry, Public Defender, of Chicago (Lynn Flanagan Wilson, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Linda Woloshin, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE McCORMICK delivered the opinion of the court:

Following a jury trial in the circuit court of Cook County, defendant Michael Adams was found guilty, *inter alia*, of two counts of armed robbery and sentenced to concurrent terms of 20 years' imprisonment. On direct appeal, this court affirmed but remanded to determine if the State had improperly used peremptory challenges to racially discriminate in jury selection. (*People v. Adams* (1987), 156 Ill. App. 3d 444, 509 N.E.2d 482.) Upon remand, the State did not offer an adequate explanation for its peremptory challenges. The trial court then granted defendant a new trial.

Following a second jury trial at which defendant represented himself, he was again convicted of two counts of armed robbery and sentenced to concurrent 25-year terms. Defendant appeals, contending that the waiver of his sixth amendment right to counsel was ineffective because the trial court failed to inform him of the minimum sentence he could receive or that he had the right to a court-appointed attorney.

On March 14, 1990, defendant, who was then represented by an assistant public defender, appeared before the trial court and stated that he wished to represent himself. The trial court informed defendant that if he was found guilty, he could receive a maximum sentence of 30 years' imprisonment, but he could receive a greater penalty under the proper aggravating circumstances. The trial court also informed defendant that if he represented himself at trial, he would be treated as if he were an attorney and that he would have to accept the responsibility for his own defense. The trial court said that "[defendant] could get 10 years after I hear the trial" or that "[defendant] could get 30 years" because no one was aware of defendant's penitentiary record prior to the trial. The trial court also said that if prior to trial the defendant decided not to represent himself, the public defender would be appointed.

On April 16, 1990, defendant requested that a bar association lawyer be appointed to represent him, but the court denied the motion, finding that the public defender could ably represent defendant. Defendant did not request that appointment.

On April 19, 1990, prior to the commencement of jury selection, the court offered to appoint the public defender assigned to that courtroom as stand-by counsel. Defendant rejected this offer. The following day, as opening statements were about to be made, defendant asked that a public defender be provided to assist him "while the

State is cross-examining they [*sic*] witnesses." However, defendant again rejected the services of the public defender assigned to that courtroom. Defendant stated that he wanted a public defender "for objections and stuff like that" but that he still wanted to represent himself. When the trial court informed him that these two requests were contradictory, defendant stated that he wanted to "withdraw from representing" himself. The trial court denied this request, noting that the public defender would not be ready for trial, that the jury had already been selected and trial was about to commence.

Defendant contends that he was not sufficiently admonished by the trial court of his rights under Illinois Supreme Court Rule 401(a) (134 Ill. 2d R. 401(a)), prior to waiving his right to counsel. Defendant maintains that Rule 401(a) mandates strict compliance with its provisions.

Illinois Supreme Court Rule 401(a) provides that prior to permitting a waiver of counsel by the defendant, the trial court must inform defendant and determine that he understands the following:

"(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has the right to counsel and, if he is indigent, to have counsel appointed for him by the court." 134 Ill. 2d R. 401(a).

We reject defendant's contention that his waiver of counsel was invalid because the trial court failed to advise him of the minimum sentence he could receive. Armed robbery is a Class X offense for which the sentencing range is 6 to 30 years. (Ill. Rev. Stat. 1985, ch. 38, pars. 18—2, 1005—8—1(a)(3).) The trial court advised defendant of the maximum sentence but did not correctly advise him of the minimum sentence, referring instead to a possible 10-year sentence. However, no prejudice arises from the failure to advise a defendant of the minimum sentence he might receive where the sentence he actually receives is below the maximum sentence of which he has been advised. (*People v. Phillips* (1990), 195 Ill. App. 3d 560, 562, 553 N.E.2d 28; see *People v. Johnson* (1987), 119 Ill. 2d 119, 134, 518 N.E.2d 100.) Here, defendant received concurrent 25-year sentences after being advised that he could receive a 30-year sentence, and, therefore, he was not prejudiced by the failure to advise him of the minimum sentence.

■ We also reject defendant's contention that the trial court never informed him of his right to a court-appointed attorney. The trial court informed defendant that the public defender would be appointed to represent him if, prior to trial, he changed his mind about wanting to represent himself. Furthermore, at the time defendant requested that he be allowed to proceed *pro se*, defendant was represented by the public defender. Under these circumstances, defendant clearly was aware of his right to court-appointed counsel. See *People v. Love* (1985), 139 Ill. App. 3d 104, 114, 486 N.E.2d 1337.

Substantial compliance with Supreme Court Rule 401(a) is sufficient to effectuate a valid waiver of counsel if the record indicates that the waiver was made knowingly and intelligently. (*People v. Coleman* (1989), 129 Ill. 2d 321, 333, 544 N.E.2d 330.) In the present case, the trial court substantially complied with the Rule 401(a) requirements. The trial court admonished defendant of his right to counsel, the consequences of self-representation, the maximum sentence prescribed by law, and the aggravating and mitigating factors which could affect the sentence imposed on him if he was found guilty. We find that defendant's waiver of counsel was made knowingly and intelligently.

■ Defendant further contends that he had a right to a court-appointed attorney. The trial court was justified in concluding that defendant was asserting this right in order to thwart the administration of justice or to otherwise impede the effective prosecution of crime. (See *People v. Langley* (1992), 226 Ill. App. 3d 742, 589 N.E.2d 824.) Implicit in one's constitutional right to counsel is that one's counsel will have an adequate time to prepare. (*People v. Massarella* (1980), 80 Ill. App. 3d 552, 566, 400 N.E.2d 436.) "Hybrid" representation is disfavored. Where the defendant requests attorney representation for some matters, but seeks to act *pro se* for others, courts will disallow such requests. (*People v. Partee* (1987), 157 Ill. App. 3d 231, 247-48, 511 N.E.2d 1165.) The case law supports the trial court's decision not to appoint counsel to defendant on the day of trial. (See *United States v. Solina* (7th Cir. 1984), 733 F.2d 1208.) The defendant in *Solina* declared a month before trial that he wished to represent himself. Stand-by counsel was appointed to him. On the day of trial, Solina asked the court to allow stand-by counsel to take over his defense. The court denied the request. Affirming, the Seventh Circuit stated that "[a] criminal defendant has a constitutional right to defend himself; and with rights come responsibilities. If[,] at the last minute[,] he gets cold feet and wants a lawyer to defend him[,] he runs the risk that the judge will hold him to his original decision in

order to avoid the disruption of the court's schedule that a continuance granted on the very day [the] trial is scheduled to begin is bound to cause." *Solina*, 733 F.2d at 1211-12.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

HARTMAN and SCARIANO, JJ., concur.