(No. 41685.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JAMES W. GREAR, Appellant.

*Opinion filed June 20, 1969.*

UNDERWOOD, J., dissenting.
WARD, J., took no part.

ALBERT I. ZEMEL, of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE, and JAMES J. MEEHAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The defendant was tried by the court without a jury in the circuit court of Cook County and convicted of the crime of public indecency for which he was sentenced to a term of 30 days imprisonment. The judgment of conviction was affirmed by the Appellate Court for the First District and we granted leave to appeal.

Several contentions have been advanced by the defendant in his petition for leave to appeal but we find it only necessary to consider whether the evidence was sufficient to establish the defendant's guilt beyond a reasonable doubt. The main witness for the prosecution was a girl who was 17 years of age at the time the crime was allegedly committed. She testified that as she was standing on the northeast corner of a certain intersection, a car driven by the defendant approached from the rear and turned north in front of her. She testified that it was daylight and that the car was traveling about 5 to 10 miles per hour. According to the witness the defendant was holding his erected "personal part". She then summoned a policeman who apprehended the defendant a short distance from the corner and returned with him to the intersection where the girl identified the defendant as the man who had exposed himself. On cross-examination it was brought out that the witness was in the

company of a girl friend who did not notice anything unusual. It was also brought out that the driver of the car said nothing to the girl and did not make any attempt to attract her attention.

The other girl did not testify at the trial and the only other witness for the prosecution was the police officer. He testified that the girl hailed him and that he had a conversation with her. Following the conversation he stopped the defendant who was driving out of an alley near the intersection. He told the defendant that the girl had charged him with exposing himself and defendant denied it. He noticed nothing unusual about the condition of the defendant's trousers. The officer brought the defendant back to the girl who identified him. The officer also testified that when the girl first talked to him she had a license number written down on the back of a match book and that the license number of the defendant's car was the same as that number. The officer questioned the other girl who admitted that she saw nothing. The defendant was the only witness for the defense and he denied the charge.

We have frequently held in sex offense cases that an accusation of such a crime is one that is easy to make, hard to prove and harder to defend. (*People* v. *Nunes*, 30 Ill.2d 143, 146; *People* v. *Hinton*, 14 Ill.2d 424, 427.) In order to sustain a conviction the evidence must be clear and convincing or substantially corroborated. In this case the conviction must stand or fall on the testimony of the prosecution witness who had only a fleeting opportunity to view the driver of the car as he turned the corner. It is significant that the girl companion of the witness did not see anything out of the ordinary. We do not regard the fact that the girl noted the license number of the car as substantial corroboration of the charge that the driver had indecently exposed himself. In our opinion the evidence in this case was not of the clear and convincing nature required to establish guilt beyond a reasonable doubt. The judgment of the Ap-

pellate Court affirming the judgment of the circuit court of Cook County is reversed.

*Judgment reversed.*

Mr. JUSTICE UNDERWOOD, dissenting:

In my judgment reversal of this conviction is not justified by the record before us. There is, to me, nothing inherently incredible in the complainant's testimony that she observed defendant displaying his "personal part" as his car, traveling 5 to 10 miles per hour turned the corner in front of her. Some corroboration for this testimony is found in the fact that she jotted down the car's license number and notified an officer who was driving by almost immediately thereafter. The circumstance that the other girl who was with the complainant was not looking at defendant's car and therefore saw nothing to which she could testify is not, in my judgment, indicative that the complainant testified falsely.

This case involves only a question as to the credibility of the witnesses. The judge who saw and heard them apparently believed complainant, and we should not substitute our opinion of their veracity for his in the absence of more persuasive circumstances than are present here.

I would affirm.

Mr. JUSTICE WARD took no part in the consideration or decision of this case.