**People of the State of Illinois, Plaintiff-Appellee, v. Donald Neidhofer, Defendant-Appellant.**

**Gen. No. 54,073.**

First District, First Division.

May 25, 1970.

James J. Hajek, Robert J. Hajek, Law Firm Hajek & Hajek, of Berwyn, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James W. Reilley, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

Donald Neidhofer, the defendant, was tried before a magistrate on a complaint charging him with committing the offense of public indecency in violation of chapter 38, section 11–9 of the 1967 Ill Rev Stats. After waiving a jury trial, he was found guilty and fined $500. To reverse the conviction, he brings this appeal.

The evidence discloses that Kathy Norge who was seventeen, and her fifteen-year-old sister, Peggy, were walking on Rutherford Avenue near 54th Street in Chicago at 5:00 p. m. on December 12, 1968, when the defendant who was parked in a Volkswagen truck called to Peggy for directions to Cicero Avenue. Peggy testified that she alone walked to about two or three feet from the truck and gave directions to the defendant who was sitting in the passenger seat next to the window. She said she could only see him from the chest up through

the right seat window and observed that he was wearing a plaid shirt. As she was walking away, the defendant then asked her where the expressway was and how he could get onto it. While Peggy was telling him, Kathy went in front of the truck at the windshield and then told Peggy that the defendant wasn't wearing any pants. Peggy testified that she didn't really believe her, but Kathy said, "Let's get out of here," so they started walking home.

Kathy Norge testified that when the defendant asked her sister on the second occasion how he could get onto the expressway she "thought something was going on" so she went to the front of the truck, looked in and saw the defendant exposed. She said that he was only wearing a plaid shirt and she could see him to the knee. Kathy testified further that she pulled Peggy's sleeve and told her, "he doesn't have any pants on," and when her sister didn't believe her she pulled harder and they walked away. Kathy told her mother about the incident and then called the police, who shortly thereafter apprehended the defendant.

The defendant testified that as he drove down Rutherford Avenue, two girls ran in front of his truck and he jammed on the brakes. He thought he might have hit one of the girls, but they continued running. The defendant drove for another three-quarters of a block and then parked his truck to straighten a Christmas tree which had been dislodged. About that time he said he noticed two girls walking on the sidewalk. Thinking these were the girls who had run in front of him, he called to them, intending to ask whether he had struck one of them, but when they turned he saw they were not the same ones. He said he didn't know what to say to them so he asked them for directions. Shortly thereafter he was arrested. The defendant testified that he

■■■■■■■■■
■■■■■■

was on his way home from work and was wearing his regular work clothes. He denied having exposed himself.

■■ Because of our disposition of the case, it is only necessary to consider the defendant's contention that he was not proven guilty beyond a reasonable doubt. It is axiomatic that a charge of indecent exposure is an accusation easily made and hard to defend by the party accused. People v. Nunes, 30 Ill2d 143, 195 NE2d 706. We are mindful that the credibility of witnesses and the weight to be given to their testimony is generally better left to the trial judge who saw and heard the witnesses and his decision should be disturbed by the reviewing court only in exceptional cases. It is, however, our duty to reverse a conviction if the evidence is not sufficient to remove all reasonable doubt of the defendant's guilt.

In People v. Grear, 42 Ill2d 578, 248 NE2d 661, a seventeen-year-old girl testified that she was standing on a corner with a girl friend when the defendant drove by at about 5 to 10 miles per hour. According to the witness, the defendant was holding his erected "personal part." The other girl who was also present did not notice anything unusual. The defendant had said nothing to either girl and had not made any attempt to attract their attention. The defendant was convicted after a bench trial. In reversing the conviction, the Supreme Court found that it was significant that the girl companion of the witness did not see anything out of the ordinary. The court noted that the girl had only a fleeting opportunity to view the driver of the car and held that the evidence was not of the clear and convincing nature required to establish guilt beyond a reasonable doubt.

■ In the case at bar, as in Grear, one of the girls admittedly did not see any exposure. In fact, this was the girl who received the attention of the defendant and to whom he addressed his inquiry while she was only

two feet from his truck. In our opinion, the evidence was not of the clear and convincing nature required to establish guilt beyond a reasonable doubt.

The judgment of the Circuit Court is therefore reversed.

Reversed.

MURPHY and ADESKO, JJ., concur.