THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MICHAEL SEBAG, Defendant-Appellant.

Second District   No. 81—615

Opinion filed December 7, 1982.

Ralph Gust, Jr., of Lombard, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Scott M. Day and Barbara Preiner, Assistant State's Attorneys, of counsel), for the People.

JUSTICE VAN DEUSEN delivered the opinion of the court:

After a bench trial, defendant was convicted of public indecency and acquitted of battery. He was sentenced to one year's probation and ordered to pay a fine. Following the trial court's denial of his request for a public defender, defendant had represented himself at trial.

On appeal, defendant contends (1) that he was not proved guilty beyond a reasonable doubt, (2) that the trial court erred in denying defendant's request for the appointment of a public defender, (3) that the trial court failed to properly arraign the defendant or secure a valid waiver of his right to a jury trial and (4) that the trial court erred in admitting certain evidence.

Briefly stated, the evidence, based on the victim's testimony, disclosed that she was a college student living with her grandparents. On the date of the alleged offense, she was sunbathing in the back of the condominium in which she lived and was reading a book. The defendant, uninvited, sat down and engaged her in conversation for about an hour. In the course of that conversation, he talked about his state of sexual arousal and then laid back to show her the rise in his shorts. In answer to the question at trial, "Did he expose himself?" she responded, "Yes. He was. He was sitting Indian style, and he told me that I could look at him if I wanted, that there was nothing wrong with that." She further testified that he touched himself a few times and asked her to look. She said that he rubbed her arm and leg and touched her feet, although she did not give him permission to touch her. She stated she was scared but admitted that she did not tell the defendant to stop nor did she scream. Though she stated that she could not answer the question of whether or not she had made a date with the defendant to see her on the following Friday between 10 and 10:30 a.m., she did admit that she told the defendant he could stop by and that he should ring the bell with the name Wendt, her grandparents' name, on it. The defendant was arrested by the police when he returned Friday morning.

A Wheaton police officer testified that he had investigated the incident. He was permitted to testify regarding the victim's report to the police of the facts constituting the occurrence. In substance, he said that the victim reported that the defendant had touched her and attempted to put his arm around her, that the defendant had been wearing jogging shorts, and that the defendant's penis was hanging out exposed as he was talking to the victim. Defendant, acting *pro se*, did not object to the admission of this hearsay testimony.

After the State rested, the defendant took the stand in his own defense. He declared his innocence. Then he denied the substance of the victim's testimony.

■ The defendant was convicted on a charge of public indecency, in that he exposed his sex organ in a lewd manner with the intent to arouse his sexual desires. (Ill. Rev. Stat. 1981, ch. 38, par. 11—9(a)(3).) In arguing that he was not proved guilty beyond a reasonable doubt, the defendant relies mainly on *People v. Grear* (1969), 42 Ill. 2d 578, 580, for the proposition that the evidence in sex offense cases must be clear and convincing or substantially corroborated in order to sustain a conviction. He further argues that the evidence in this case, like that in *Grear*, was not of such a nature so that his conviction should be reversed. However, *Grear* and the other cases cited by defendant

to the same effect are inapposite.

Unlike *Grear,* the conviction in this case did not "stand or fall on the testimony of the prosecution witness who had only a fleeting opportunity to view [the offense]" nor was there another person present who failed to observe anything out of the ordinary. (42 Ill. 2d 578, 579-80.) The complaining witness and the defendant conversed for about an hour, providing ample opportunity to observe. Also, no other persons were in the vicinity at the time to confirm or contradict the complainant's account.

Though the defendant maintains that the testimony adduced at trial did not in any manner establish that he had exposed himself, the complainant did respond "Yes" to the question on direct examination "Did he expose himself?" in the course of her description of the events. The defendant strongly relies on lack of corroboration in the surrounding circumstances. It is true that the evidence showed a delay of several hours in reporting the offense, that the complainant did not leave or ask the defendant to leave, that she did not scream or tell the defendant to stop, that she actually made a date to meet the defendant again, and that the defendant did return at the time agreed upon and did not act in a lewd manner.

■ However, further explicit detail of the manner in which the defendant exposed himself was furnished through the police officer's testimony regarding the account of the incident which the victim had given to the police. While such testimony was admittedly hearsay, nevertheless it was admitted into evidence without objection. The general rule is that the admission of incompetent evidence must be objected to, if at all, at the time of its admission. Failure to make proper and timely objection to the admission of evidence claimed to be incompetent or otherwise objectionable or to move to strike it out after its admission, giving specific reason for the objection or motion to strike out such evidence generally constitutes a waiver of the right to object and cures the error, if any. (*People v. Trefonas* (1956), 9 Ill. 2d 92, 98.) The admission of hearsay evidence appearing to support the complainant's testimony cannot be raised as error for the first time at the appellate level. (*People v. Bachman* (1981), 92 Ill. App. 3d 419, 421-22; *People v. Davis* (1970), 126 Ill. App. 2d 114, 116-17.) Moreover, since the declarant was present at trial and subject to cross-examination under oath, the principal reason for excluding the evidence as hearsay was not present. *People v. Carpenter* (1963), 28 Ill. 2d 116, 121.

■ Since the supreme court in *Grear* stated the evidentiary requirements in a public indecency case in the disjunctive, substantial

corroboration is not necessary where the evidence is clear and convincing. The complainant's testimony that defendant exposed himself was positive and, taken with the additional details related to the police officer, was unambiguous. Credibility of witnesses and the weight to be given to their testimony is generally better left to the trial judge who saw and heard the witnesses and his decision should be disturbed by the reviewing court only in exceptional cases. (*People v. Neidhofer* (1970), 126 Ill. App. 2d 65, 68.) Under the circumstances of the present case, the evidence was sufficient to support the trial judge's finding that the defendant was guilty beyond a reasonable doubt of public indecency as charged. Compare *People v. Grear* (1969), 42 Ill. 2d 578; *People v. Neidhofer* (1970), 126 Ill. App. 2d 65.

Defendant next argues that his conviction should be reversed because he was denied appointed counsel to which he was entitled pursuant to statute. (Ill. Rev. Stat. 1981, ch. 38, par. 113—3(b).) The following colloquy took place at defendant's arraignment:

"DEFENDANT SEBAG: Could I have the Public Defender?

THE COURT: No. They won't put you in jail. I will not put you in jail for this.

The only time you get a Public Defender is when you go to jail."

Defendant subsequently proceeded *pro se* at trial.

Section 113—3(b) of the Code of Criminal Procedure of 1963 provides in relevant part:

"In all cases, except where the penalty is a fine only, if the court determines that the defendant is indigent and desires counsel, the Public Defender shall be appointed as counsel. *** The court shall require an affidavit signed by any defendant who requests court-appointed counsel. Such affidavit shall *** [contain] sufficient information to ascertain the assets and liabilities of that defendant." (Ill. Rev. Stat. 1981, ch. 38, par. 113—3(b).)

In this case, the court made no inquiry into defendant's finances prior to denying his request for appointed counsel, and, upon conviction for one of the two offenses charged, defendant was sentenced to probation for one year in addition to a fine.

The State concedes that in *People v. Morgese* (1981), 94 Ill. App. 3d 638, this court held that an indigent defendant sentenced to probation is statutorily entitled to appointed counsel. (Compare *Scott v. Illinois* (1979), 440 U.S. 367, 59 L. Ed. 2d 383, 99 S. Ct. 1158, affirming *People v. Scott* (1977), 68 Ill. 2d 269 (a criminal defendant is not enti-

tled to appointment of counsel under the Constitution unless the penalty imposed is imprisonment).) However, the State argues that the defendant was under an obligation to establish his indigency. Having failed to do so, the State continues, the defendant, in effect, waived his statutory right to counsel.

In the first place, it should be observed that the trial judge, apparently believing that a defendant not to be sentenced to imprisonment was not entitled to counsel, summarily rejected the defendant's request for appointed counsel based on a misunderstanding of the law and did not give defendant an opportunity to establish his indigency.

An affirmative act by defendant indicating to the court that he desires counsel (*People v. Dupree* (1969), 42 Ill. 2d 249, 251, *cert. denied* (1970), 396 U.S. 1047, 24 L. Ed. 2d 692, 90 S. Ct. 690; *People v. Morgese* (1981), 94 Ill. App. 3d 638, 643-44) triggers the requirement under section 113—3(b) that in all cases, except where the penalty is a fine only, the court shall appoint counsel for defendant if the court determines defendant is indigent. As a part of that process, the section provides that the court shall require an affidavit of assets and liabilities from the defendant.

In light of the circumstances shown by the record in this case, the State's contention that the lack of any indication in the record of defendant's financial status at the time of the purported arraignment on June 26, 1981, and of trial on July 16, 1981, deprives him of his statutory right to counsel is without merit. Having summarily rejected defendant's request for the appointment of the public defender as his attorney and having failed to require an affidavit signed by defendant with sufficient information to establish the assets and liabilities of the defendant or to otherwise inquire into defendant's financial status, the trial court left unresolved the factual question of defendant's ability to afford counsel. Further, the record in this matter shows that an affidavit of indigency having been filed on August 13, 1981, counsel was appointed on that day to represent defendant on appeal. (See *People v. Castile* (1979), 71 Ill. App. 3d 728, 730-31.) Not having been given an opportunity to establish his indigency after having indicated to the court his desire for appointed counsel, the defendant cannot be said to have waived his statutory right to counsel by failing to do so.

The State's further contention that defendant waived any statutory right to counsel by proceeding to trial *pro se* appears equally without merit. It is true that this court stated in *People v. Morgese* (1981), 94 Ill. App. 3d 638, 644, that the trial court need not advise defendant of his purely statutory right nor make an indepen-

dent determination on the record to assure a knowing and intelligent waiver of that right because the right is not constitutional in origin. However, the defendant here attempted to assert his right to counsel and, only after being summarily denied, proceeded to trial *pro se.*

Finally, the State contends that even if the defendant was improperly denied his statutory right to counsel, the only appropriate remedy would be to remand the cause to the trial court for resentencing because section 113—3(b) was intended by the legislature to be a limitation on sentencing. Arguably, support may be found for this view in *People v. Morgese* (1981), 94 Ill. App. 3d 638, 642, where this court said, "the plain meaning of this statutory provision, interpreted in light of *People v. Scott* (1977), 68 Ill. 2d 269, 369 N.E.2d 881, is that a trial court is precluded from imposing a penalty other than a fine on an indigent criminal defendant unless he has been afforded the right to appointed counsel or has waived that right." However, read in context, the statement cannot be interpreted as supportive of the State's contention. *Morgese* also states that the legislative intent of section 113—3(b) was to go beyond the constitutional requirements for appointed counsel and extend the right to appointed counsel to cases where, as here, probation was imposed. (94 Ill. App. 3d 638, 642-43.) The fifth district of this court has addressed the purpose of an indigent criminal defendant's right to counsel, whether based on the constitution or statute, and, citing *Gideon v. Wainwright* (1963), 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792 and *Powell v. Alabama* (1932), 287 U.S. 45, 77 L. Ed. 158, 53 S. Ct. 55, has stated that an individual cannot be assured a fair trial unless counsel is provided and that the guiding hand of counsel is required at every step in the proceeding. (*People v. Cole* (1968), 97 Ill. App. 2d 22, 25.) The obvious purpose of the Illinois statute is to protect the rights of an accused from being impaired by the absence of legal counsel (97 Ill. App. 2d 22, 25, citing *People v. Rebenstorf* (1967), 37 Ill. 2d 572, 575) except, as the statute provides, when the penalty is a fine only. To adopt the State's position that section 113—3(b) is only a sentencing limitation would be contrary to this legislative intent.

Furthermore, this case clearly illustrates the prejudice incurred by an indigent criminal defendant denied such assistance. The question put to the victim by the prosecutor "did he expose himself" called for a conclusion by the witness rather than adducing facts from which the judge could have determined if an offense had, in fact, been committed. As discussed previously, the conviction to a large extent rested on this testimony, and the only support for it was in the form of hearsay testimony by a police officer. Counsel, if present, could

have made proper objections to such testimony and presented a better case. (*People v. Cole* (1968), 97 Ill. App. 2d 22, 27.) We conclude that the trial judge, at no time in the course of the proceedings having restricted himself to the imposition of a fine only and having in fact imposed a sentence of probation, erred in denying the defendant's request for court appointed counsel without first making a determination as to defendant's financial status. Under the circumstances of this case, we deem the appropriate remedy is reversal of defendant's conviction and remandment of the cause to the trial court with directions to ascertain defendant's financial status and, if it is determined that he is indigent, to appoint counsel. See *People v. Cole* (1968), 97 Ill. App. 2d 22. *Cf. People v. Morrissey* (1972), 52 Ill. 2d 418 (violation of defendant's constitutional right to counsel required reversal of his conviction and remandment of the cause).

■ Defendant next argues that the trial court failed to properly arraign him on the public indecency charge. (Ill. Rev. Stat. 1981, ch. 38, par. 113—1.) A review of the transcript discloses that he was arraigned in open court on the charge of battery and pleaded not guilty but that he was not so arraigned on the public indecency charge. However, according to the provisions of section 113—6 of the Code of Criminal Procedure of 1963, where, as here, the defendant proceeds to trial without objecting to the failure to arraign him, the failure to arraign does not affect the validity of the proceeding. Ill. Rev. Stat. 1981, ch. 38, par. 113—6.

■ Defendant also contends that the trial court failed to obtain a proper waiver of his right to a jury trial. (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, sec. 8; Ill. Rev. Stat. 1981, ch. 38, par. 103—6.) It is the duty of the trial court to see that a waiver of right to jury trial is expressly and understandingly made, and such obligation is not to be perfunctorily discharged. (*People v. Surgeon* (1958), 15 Ill. 2d 236, 238; *People v. Mitchell* (1974), 21 Ill. App. 3d 171, 175.) Though a signed jury waiver form is of record in which both docket numbers appear in the caption, a signed jury waiver in itself has been held to be insufficient to show the relinquishment of a defendant's right to a jury trial. (*People v. Lewis* (1980), 89 Ill. App. 3d 840, 844.) The determination must rest on the facts and circumstances of each case. *People v. Richardson* (1965), 32 Ill. 2d 497, 499.

In the instant case, the record shows the following colloquy at the arraignment:

"THE COURT: The charge is offense of battery. How do you plead?

DEFENDANT SEBAG: Not guilty.

THE COURT: You are entitled to have your case tried before a jury or judge.

DEFENDANT SEBAG: Judge.

THE COURT: Jury waiver. Do you understand that by waiving a jury at this time that you cannot reinstate it; do you understand that?

DEFENDANT SEBAG: Yes."

The defendant was without benefit of counsel, and it does not appear that he was advised of the meaning of a trial by jury nor does it appear that he was familiar with criminal proceedings. (See *People v. Mitchell* (1974), 21 Ill. App. 3d 171, 175-77.) Moreover, the trial court discussion in the record related to the offense of battery, the defendant not having been arraigned on the public indecency charge. Taken as a whole, the record does not adequately establish a waiver of defendant's right to a jury trial on the public indecency charge (compare *People v. Clark* (1964), 30 Ill. 2d 216, 220) and, therefore, requires a reversal of his conviction and remand for a new trial on this additional ground (*People v. Mitchell* (1974), 21 Ill. App. 3d 171, 177). *People v. Murff* (1979), 69 Ill. App. 3d 560; *People v. Miller* (1977), 55 Ill. App. 3d 1047; *People v. Bell* (1968), 104 Ill. App. 2d 479.

Having determined that this matter must be remanded for a new trial, we do not reach the evidentiary errors raised by defendant.

The conviction and sentence of the defendant for the offense of public indecency is reversed, and the cause is remanded to the trial court for a new trial and other proceedings consistent with this opinion, including a determination of whether or not the defendant is indigent and, therefore, entitled to court-appointed counsel; a proper arraignment on the charge; and a determination of whether defendant desires to knowingly waive his right to a jury trial.

Reversed and remanded with directions.

REINHARD and NASH, JJ., concur.