2017 IL App (1st) 143644

FOURTH DIVISION
June 8, 2017

No. 1-14-3644

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | Nos. 14 CR 4615 |
| GEORGE GATLIN, | ) | 14 CR 4616 |
| | ) | |
| Defendant-Appellant. | ) | The Honorable |
| | ) | Joseph M. Claps, |
| | ) | Judge, presiding. |

JUSTICE BURKE delivered the judgment of the court, with opinion.
Presiding Justice Ellis and Justice McBride concurred in the judgment and opinion.

**OPINION**

¶ 1     Following a bench trial, which joined together two of his separate, but related, criminal cases, defendant George Gatlin was found guilty of aggravated battery in case number 14 CR 4615 and aggravated battery in case number 14 CR 4616. The trial court subsequently sentenced him to concurrent terms of four years' imprisonment. On appeal, defendant contends that (1) his right to a jury trial was violated in both cases because the trial court failed to adequately ensure he made a knowing waiver of this right and (2) even if the trial court adequately ensured that he knowingly waived his right to a jury trial, that waiver only applied to case number 14 CR 4616 and not to case number 14 CR 4615. For the reasons that follow, we reverse and remand for a

new trial in case number 14 CR 4615, but affirm defendant's conviction in case number 14 CR 4616.

¶ 2                                                    I. BACKGROUND

¶ 3            On March 17, 2014, the State charged defendant in case number 14 CR 4615 with aggravated battery and unlawful restraint for his alleged actions against Migdalia Castro. That same day, in case number 14 CR 4616, the State charged defendant with robbery, aggravated battery, and unlawful restraint for his alleged actions against Chauncey Roberts. All of the charges against defendant were in connection with a series of incidents occurring on February 23, 2014.

¶ 4            Defendant's arraignment in both cases occurred on March 25, 2014. The court read the charges against him in case number 14 CR 4615, and after it read the charges against him in case number 14 CR 4616, the court informed him that the charges were "Class 2, 3 and 4 offenses for which [he had] the right to a trial, a right [to] a trial by a jury." Defendant asked the court to repeat the charges against him in case number 14 CR 4616. After doing so, the court again told him that "[t]hese are charges for which you have a right to a trial, a right to trial by jury. Do you know what a trial by jury is?" Defendant replied, "[y]es, sir." The court continued the matter.

¶ 5            At the next court date, the State elected to proceed on case number 14 CR 4616. At subsequent court dates, the parties discussed various matters, including outstanding discovery. On August 14, 2014, the trial court set case number 14 CR 4616 for a bench trial and continued case number 14 CR 4615 for a status date, both for September 30, 2014.

¶ 6            On September 30, 2014, the parties appeared in court, and the following colloquy occurred:

"THE COURT: Are we ready? This case is set for trial, [defendant]. Do you want a trial by jury or a trial by judge?

THE DEFENDANT: Trial by judge.

THE COURT: Okay. You know what a trial by jury is?

THE DEFENDANT: Yes, sir.

THE COURT: Your desire at this time is to waive your trial by jury and have me hear this case?

THE DEFENDANT: Yes, sir.

THE COURT: Is this your signature on the document entitled Jury Waiver?

THE DEFENDANT: Yes, sir."

The record contains a written jury waiver signed by defendant and dated September 30, 2014, specifically referencing case number 14 CR 4616.

¶ 7    The State subsequently told the trial court that, because both of the defendant's cases had arisen from "one continuing incident," it wanted to join the cases. After the State and the court discussed the allegations and the State's witnesses, defense counsel objected to the joinder. The court granted the State's motion to join both cases and asked defense counsel if she needed additional time to prepare because "there [were] now two, not one, offenses set for trial." Counsel responded that defendant's "witnesses [were] here on the other case as well so . . ." and did not request additional time. The State informed the court that it was ready for trial, and the court stated "we'll try them both together over [defendant's] objection." Defendant's bench trial immediately commenced.

¶ 8    At trial, the evidence showed that, during the afternoon of February 23, 2014, Migdalia Castro was talking with a friend near the intersection of Lockwood and Chicago Avenue in

Chicago when she saw defendant, whom she knew from the neighborhood, walking down the street. Defendant came over to them and pushed Castro's friend. Defendant then put his hands in Castro's face and pushed her to the ground. Castro got up, went to her nearby residence and told her fiancé, Chauncey Roberts, what happened. Roberts left their residence while Castro initially stayed behind and called the police. Roberts, who also knew defendant, went to the intersection of Lockwood and Chicago Avenue, observed defendant, and approached him. Roberts asked defendant why he pushed Castro and told him he was calling the police. As Roberts walked away, holding his cell phone in his hand, defendant came up from behind and began hitting him with a belt buckle. During the beating, Roberts dropped his cell phone. Defendant picked it up, asked Roberts "who you going to call now[?]" and ran away. Both Castro and Roberts spoke to the police and identified defendant as the offender.

¶ 9 The trial court found defendant guilty of aggravated battery in case number 14 CR 4615 and aggravated battery in case number 14 CR 4616, but not guilty on the remaining counts. Following defendant's unsuccessful motion for a new trial, the court sentenced him to concurrent terms of four years' imprisonment. This appeal followed.

¶ 10 II. ANALYSIS

¶ 11 Defendant first contends that his right to a jury trial was violated in both cases because the trial court failed to adequately ensure that his waiver of this right was knowingly made. He argues that, despite affirmatively responding to the court's jury waiver admonishments, the "cursory exchange" between him and the court cannot support a valid waiver because the admonishments never included questions as to whether he truly understood his right to a jury trial and the ramifications of waiving the right. The State responds, arguing that the circumstances establish that defendant knowingly waived his right to a jury trial.

¶ 12　　　　Initially, defendant acknowledges that he did not raise the issue in the trial court and therefore has forfeited the claim of error on appeal. See *People v. Hood*, 2016 IL 118581, ¶ 17. However, he argues we may review the claim of error for second-prong plain error, which allows review of a forfeited claim of error if the error is clear or obvious and "so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. McDonald*, 2016 IL 118882, ¶ 48. Before determining whether there is plain error, we must first determine whether an error actually occurred. *Id.*

¶ 13　　　　The right to a jury trial is a fundamental right afforded to criminal defendants by both our federal and state constitutions. *People v. Bannister*, 232 Ill. 2d 52, 65 (2008) (citing U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §§ 8, 13). A defendant also has the right to waive a trial by jury, but any such waiver must be knowingly and understandingly made in open court. 725 ILCS 5/103-6 (West 2014); *People v. Bracey*, 213 Ill. 2d 265, 269 (2004). Although it is the trial court's duty to ensure that the defendant's waiver is made "expressly and understandingly," it is not required to give a specific admonition to the defendant. *Bannister*, 232 Ill. 2d at 66. The validity of each waiver must be evaluated on a case-by-case basis rather than by an exact formula. *Bracey*, 213 Ill. 2d at 269.

¶ 14　　　　Although not dispositive of a valid waiver, a written waiver may provide evidence that the defendant knowingly relinquished his right to a jury trial. *Id.* at 269-70. Similarly, a present defendant's silence when his defense counsel requests a bench trial may provide evidence that he knowingly relinquished his right to a jury trial. *People v. Reed*, 2016 IL App (1st) 140498, ¶ 7. "The crucial determination is whether the waiving defendant understood that his case would be decided by a judge and not a jury." *Id.* The defendant bears the burden of establishing that his

jury waiver was invalid. *Id.* Where the facts are not in dispute, as is the case here, our review proceeds *de novo. In re R.A.B.*, 197 Ill. 2d 358, 362 (2001).

¶ 15 In the present case, the circumstances show that the trial court fulfilled its duty to ensure that defendant knowingly and understandingly waived his right to a jury trial in case number 14 CR 4616, and he has failed to demonstrate otherwise.[1] Prior to his scheduled trial in that case, the court asked defendant several questions concerning whether he wanted a bench trial or jury trial. In particular, after defendant informed the court that he wanted a "[t]rial by judge," it asked him whether he knew the meaning of a jury trial. Defendant responded affirmatively. The court, however, followed up and asked defendant if he wanted "to waive [his] trial by jury" and allow the court to "hear this case." Defendant again responded affirmatively. Furthermore, defendant signed a written jury waiver, indicating that he did not want to have a jury trial and instead wanted the court to hear the case. The court also confirmed with defendant that his signature appeared on the written jury waiver. Given these facts, the trial court made sure that defendant understood that his case would be decided by it rather than a jury, the critical question in resolving whether the trial court fulfilled its duty to ensure a knowing and understanding waiver. See *Reed*, 2016 IL App (1st) 140498, ¶ 7.

¶ 16 Furthermore, at the time defendant waived his right to a jury trial, he had an adult criminal history consisting of three felony convictions, which suggests a familiarity with the criminal justice system and the right to a jury trial and belies any notion that he did not understand the ramifications of his waiver in case number 14 CR 4616. See *People v. Turner*, 375 Ill. App. 3d 1101, 1109 (2007) (finding a defendant's criminal history consisting of two criminal convictions and multiple traffic convictions "demonstrate[d] a familiarity with the

---

[1] Although defendant argues that he did not knowingly waive his right to a jury trial in both cases, as will be discussed later, his jury waiver did not apply to case number 14 CR 4615.

criminal justice system and, thus, a familiarity with her right to a trial by jury and with the ramifications of waiving that right"); *Reed*, 2016 IL App (1st) 140498, ¶ 8 (same).

¶ 17    Nevertheless, defendant compares his case to *People v. Sebag*, 110 Ill. App. 3d 821 (1982). In *Sebag*, the defendant represented himself and signed a written jury waiver. *Id.* at 828-29. The trial court's jury waiver admonishments consisted of the following:

> " 'THE COURT: You are entitled to have your case tried before a jury or judge.
>
> DEFENDANT SEBAG: Judge.
>
> THE COURT: Jury waiver. Do you understand that by waiving a jury at this time that you cannot reinstate it; do you understand that?
>
> DEFENDANT SEBAG: Yes.' " *Id.* at 829.

In finding that the defendant's jury waiver was invalid, the appellate court found "[t]he defendant was without the benefit of counsel, and it does not appear that he was advised of the meaning of a trial by jury nor does it appear that he was familiar with criminal proceedings." *Id.* Here, unlike in *Sebag*, defendant had the benefit of counsel, he had a criminal background, and he expressly acknowledged to the trial court that he knew the meaning of a jury trial. For these reasons, *Sebag* is clearly distinguishable.

¶ 18    Defendant further argues that, prior to accepting his waiver, the trial court did not determine whether he truly knew the meaning of a jury trial and failed to ask him such questions as whether he knew his right was constitutional in nature or whether his decision was voluntary. As previously discussed, the court was not required to give a specific set of admonishments to defendant before allowing him to waive his right to a jury trial. *Bannister*, 232 Ill. 2d at 66. The critical question was whether defendant understood that his trial would be decided by the trial court and not a jury. See *Reed*, 2016 IL App (1st) 140498, ¶ 7. The record shows such a

comprehension, and defendant fails to point to any hesitation or confusion on his part to demonstrate otherwise.

¶ 19      In sum, the trial court fulfilled its duty to ensure defendant knowingly and understandingly waived his right to a jury trial in case number 14 CR 4616. As the court did not commit any error, there can be no plain error. See *McDonald*, 2016 IL 118882, ¶ 48.

¶ 20      Defendant next contends that, even if the trial court adequately ensured that his waiver of his right to a jury trial was valid in case number 14 CR 4616, that waiver cannot apply to him in case number 14 CR 4615. He argues that, after he waived his right in case number 14 CR 4616, the State moved to join both of his cases, which the court granted. However, defendant asserts that the court never admonished him about waiving his right to a jury trial in case number 14 CR 4615 and his signed jury waiver did not mention that case. Defendant concludes that case number 14 CR 4615 was outside the scope of his jury waiver in case number 14 CR 4616.

¶ 21      The State responds, arguing that defendant's jury waiver applied to both cases because he was represented by counsel and during arraignment, the trial court informed him that he had a right to a jury trial in both cases. The State additionally asserts that both cases stemmed from the same sequence of events, involved the same witnesses and, although defense counsel objected to the cases being joined, once the court granted the State's request, she stated she was ready for trial. The State posits that, from defendant's "silent acquiescence, it can be inferred that [his] counsel intended to try both cases before the court in a bench trial."

¶ 22      As in his first contention, defendant forfeited this claim of error for review, but argues that we review it for second-prong plain error. As before, we must first determine whether an error actually occurred. See *McDonald*, 2016 IL 118882, ¶ 48.

¶ 23 Instructive is *People v. Bracey*, 213 Ill. 2d 265, 267 (2004), where the State charged a defendant with aggravated battery. Prior to trial, and after executing a written jury waiver and being admonished by the trial court about his right to a jury trial, the defendant waived his right to one. *Id.* The court found the defendant guilty, but later granted him a new trial in front of a different trial judge after determining that he did not knowingly and voluntarily waive his right to testify. *Id.* at 267-68. During a discussion to schedule the new trial date, the court clerk informed the parties that " '[w]e are changing the date of the bench trial.' " *Id.* at 268. On the scheduled trial date, the new trial judge called the defendant's case and stated: " 'Cause comes on for bench trial. I just verified to be sure that there was a jury waiver taken, and I see that there was by Judge Frobish back on March 20 of 2002. So anything, [prosecutor], before we start with the evidence?' " *Id.* Neither defense counsel nor the State raised any issues, the trial began, and the trial court ultimately found the defendant guilty of aggravated battery. *Id.*

¶ 24 On appeal, the defendant contended that the jury waiver he made prior to his first trial was not valid with respect to his second trial and the trial court erred when it failed to determine whether he wished to waive that right prior to his second trial. *Id.* Our supreme court initially found that the defendant's written waiver and the trial court's admonishments to him ceased to have "any effect once [his] first trial terminated" and thus could not apply to his new trial conducted months later. *Id.* at 271. Given the invalidity of the written waiver and admonishments, our supreme court observed that "[t]he question, then, is whether statements made in defendant's presence prior to his second trial provide a sufficient basis for finding that defendant knowingly and voluntarily waived his right to a jury at his retrial." *Id.* at 272. The court noted that "everything in the record indicates that [the] defendant was led to believe that his jury waiver *** obligated him to a bench trial once again." *Id.* It observed that the new trial

judge "simply relied upon" the defendant's earlier written waiver and never determined whether he wanted to waive his right to a jury trial at his new trial. *Id.* Furthermore, defense counsel never made any statements in the defendant's presence indicating that he "was electing, once again, to give up his right to trial by jury." *Id.* at 273. In light of these facts, our supreme court held that the defendant's "silent acquiescence" to the second bench trial was insufficient to support a knowing waiver. *Id.*

¶ 25    Similar to *Bracey*, where the defendant's jury waiver prior to his first trial had no effect on his second trial, in the present case, the trial court's admonishments to defendant and his signed written jury waiver in case number 14 CR 4616 had no effect on case number 14 CR 4615. First, defendant's written jury waiver only referenced case number 14 CR 4616. This makes sense because, on September 30, 2014, the day he signed and filed the written waiver, only case number 14 CR 4616 had been scheduled for a bench trial. Case number 14 CR 4615 had merely been scheduled for a status date on September 30. Second, the court's jury waiver admonishments to defendant also only concerned case number 14 CR 4616. Only after these admonishments did the State move to join both of defendant's cases and did case number 14 CR 4615 go from being scheduled merely for a status date to a bench trial. Therefore, given the content of the written waiver and the timing of the admonishments, it is clear that defendant's waiver in case number 14 CR 4616 did not encompass case number 14 CR 4615. As in *Bracey*, the question becomes whether statements made in defendant's presence prior to his combined trial provide a sufficient basis for finding that he knowingly and understandingly waived his right to a jury in case number 14 CR 4615.

¶ 26    After the trial court allowed the joinder of defendant's cases over his objection, it asked defense counsel if she needed additional time to prepare because there were two "offenses set for

trial" rather than one. Counsel did not request additional time because defendant's witnesses for case number 14 CR 4616 were already present. After the State informed the court that it was ready for trial, defendant's combined bench trial immediately ensued. Just as in *Bracey*, the court never informed defendant that he also had a right to a jury trial in case number 14 CR 4615 and apparently relied upon his earlier written waiver and the admonishments in case number 14 CR 4616. Furthermore, defense counsel never made any statements in defendant's presence, indicating that he was electing to give up his right to a jury trial in case number 14 CR 4615. Although the trial court informed defendant of his right to a jury trial in both cases during arraignment, which occurred six months prior to trial, we cannot find this makes up for the lack of an express discussion by the court with defendant or his defense counsel more contemporaneously with his bench trial with respect to case number 14 CR 4615. See *Bannister*, 232 Ill. 2d at 66 (stating that, although the trial court need not give a set admonishment to the defendant prior to allowing him to waive his right to a jury trial, it must ensure that the waiver is made "expressly and understandingly").

¶ 27     We cannot assume that defendant still knew he had a right to a jury trial in case number 14 CR 4615 after he waived this right in case number 14 CR 4616. See *People v. Campbell*, 2015 IL App (3d) 130614, ¶ 21 (absent evidence that a defendant knew his right to a jury trial "was again available after he withdrew his [guilty] plea," the appellate court would not assume he was aware of his right). Consequently, although defendant was silent at the commencement of his combined bench trial, his silent acquiescence was insufficient to support a knowing and understanding waiver of his right to a jury trial in case number 14 CR 4615.

¶ 28     Nevertheless, the State argues the situation in *People v. Frey*, 103 Ill. 2d 327 (1984), is more instructive to the resolution of this appeal than the one in *Bracey*. In *Frey*, the State

charged the defendant with two counts of reckless homicide stemming from an automobile accident. *Id.* at 329. Later, the trial court entered an order, which had been "approved by defense counsel, stating that 'the defendant's attorney indicates the defendant will waive a jury trial in this case.' " *Id.* Subsequent trial court orders showed that the case was set for a bench trial. *Id.* Additionally, defense counsel filed a motion, stating that " '[d]efendant has waived jury trial so that the cause will be tried by the court' " and requesting the trial judge " 'as trier of the facts' view the scene of the accident." *Id.* Thereafter, the State filed an information charging defendant with driving while under the influence of intoxicating liquor, which was added as " 'Count III' " and stemmed from the same automobile accident. *Id.* at 329-30.

¶ 29        Because two breathalyzer tests that the defendant took were only admissible at his trial for driving under the influence, the parties agreed that the counts of reckless homicide would be tried first. *Id.* at 330. They also "stipulated that most of the evidence presented in the reckless-homicide trial could be considered by the judge in the subsequent driving-under-the-influence trial." *Id.* A subsequent trial court order showed that the defendant had a bench trial scheduled. *Id.* However, "[a]pparently no record was made of the discussions between court and counsel on the numerous occasions when counsel was in court prior to trial" and thus it was unclear what the content of those discussions were and whether the defendant had been present. *Id.* Despite this uncertainty, a prosecutor's unrebutted testimony during a posttrial motion in the defendant's presence demonstrated that he "was present on occasions when the matter of a bench trial was discussed, and at some point was advised of his right to trial by a jury or by the court." *Id.* On the day of the defendant's trial, the court announced that " 'these causes were set today for purposes of bench trial and the issues presented by all three counts pending against this defendant.' "

(Emphasis omitted.) *Id.* at 331. The trial court ultimately convicted the defendant of driving under the influence, but acquitted him of reckless homicide. *Id.*

¶ 30    On appeal, our supreme court had to decide whether the defendant had knowingly and understandingly waived his right to a jury trial on the charge of driving under the influence. *Id.* at 331-32. The court observed that it was "entirely clear from this record that both court and counsel had understood *** that the case would be heard without a jury." *Id.* at 332-33. It noted that, although the charge of driving under the influence was not filed until later in the proceedings, an order entered by the trial court afterward showed that a bench trial had been scheduled. *Id.* at 333. Our supreme court went on and stated:

> "[D]efense counsel's willingness to stipulate in that case to the use of evidence presented to the judge on the reckless-homicide charges further reflects counsel's intent to try the case before the court. It also appears from the record that defendant was aware of his right to a jury trial and was present at some point prior to trial when the jury waiver was discussed." *Id.*

In light of these facts, our supreme court found that the defendant's "silent acquiescence" to the trial court's statement that his case was set for a bench trial on all counts demonstrated that his jury waiver had been made knowingly. *Id.*

¶ 31    In *Frey*, based on defense counsel's various representations and the trial court's orders, the record plainly demonstrated that the defendant was going to have a bench trial on all of the charges against him. Furthermore, all three charges against defendant were contained within one case against him. Additionally, the prosecutor's statements after trial demonstrated that the defendant had been advised of his right to a jury trial and his bench trial had been discussed in his presence. In the present case, unlike in *Frey*, defendant had two cases, one where there was a

valid jury waiver and another where there was absolutely no discussion with him about his right to a jury trial absent a brief statement by the trial court during arraignment six months prior to his trial. Therefore, *Frey* is inapposite.

¶ 32        Because the right to a jury trial is a fundamental right afforded to criminal defendants by both our federal and state constitutions (*Bannister*, 232 Ill. 2d at 65), it should not be deemed lightly waived. Critically, a defendant can only waive this right if he does so "knowingly and understandingly." *Bracey*, 213 Ill. 2d at 269. And here, while defendant knowingly and understandingly waived his right to a jury trial in case number 14 CR 4616, the same cannot be said for case number 14 CR 4615. Given that an error occurred in this case, we must determine whether that error arose to the level of a plain error. It is well settled that, when a defendant's right to a jury trial has been violated, such an error may be deemed a plain error under the second prong of the plain-error doctrine. See *Bracey*, 213 Ill. 2d at 270; *Campbell*, 2015 IL App (3d) 130614, ¶ 22. Accordingly, we reverse defendant's conviction in case number 14 CR 4615 and remand for a new trial.

¶ 33                                III. CONCLUSION

¶ 34        For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed in case number 14 CR 4616, but reversed and the cause remanded in case number 14 CR 4615.

¶ 35        Affirmed in part; reversed and remanded in part.