2020 IL App (1st) 170954-U

No. 1-17-0954

Order filed January 31, 2020

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 CR 32 |
| | ) | |
| MARQUIS WADLEY, | ) | Honorable |
| | ) | Joseph M. Claps, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE HOFFMAN delivered the judgment of the court.
Justices Rochford and Delort concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's convictions for attempt murder, home invasion, and aggravated battery with a firearm are affirmed because defendant made a valid jury waiver.

¶ 2    Following a bench trial, defendant Marquis Wadley was convicted of attempt murder (720 ILCS 5/8-4 (West 2014); 720 ILCS 5/9-1(a)(1) (West Supp. 2015)), home invasion (720 ILCS 5/19-6(a)(5) (West 2014)), and aggravated battery with a firearm (720 ILCS 5/12-3.05(e)(1) (West Supp. 2015)). He was sentenced to concurrent terms of 40 years for attempt

murder, 40 years for home invasion, and 20 years for aggravated battery with a firearm. Defendant appeals, arguing his jury waiver was invalid. We affirm.

¶ 3    Defendant was arrested and charged with multiple offenses related to allegations that he broke into his mother-in-law's home and shot his wife and her brother. On January 11, 2016, defendant appeared for arraignment. The court appointed the Public Defender and described defendant's charges as "attempt first-degree murder *** charged multiple counts, multiple ways," without mentioning additional charges for home invasion, aggravated battery with a firearm, or aggravated unlawful use of a weapon. Then, the court informed defendant of his right to a jury trial, and asked if he knew what a jury trial was. Defendant stated that he did not. In response, the court explained that defendant had a "constitutional right" for a 12-member jury to decide his case. The court further stated that the jury would be the factfinder, the burden of proof was on the State, and defendant had no responsibility to present evidence. In conclusion, the court advised that the jury alone would determine whether defendant was guilty beyond a reasonable doubt, "as opposed to a judge making those same determinations," and a guilty verdict would have to be unanimous. Defendant then responded "yes" when the court asked if he now knew what a trial by jury was.

¶ 4    On November 22, 2016, defendant appeared in court and requested to proceed *pro se*. The court inquired into defendant's background, and he responded that he was 25 years old, left high school in eleventh grade, and had a GED. The court informed defendant that he was charged with "various counts" of attempt murder, aggravated battery, home invasion, and aggravated unlawful use of a weapon. After an extensive colloquy regarding the requirements and disadvantages of proceeding *pro se*, the court permitted the public defender to withdraw.

¶ 5 On December 15, 2016, defendant appeared at a hearing on the State's motion to admit proof of other crimes. At the outset, the prosecutor listed the crimes defendant was charged with: "multiple counts of attempted murder, aggravated battery, home invasion and aggravated unlawful use of a weapon." The court asked defendant "[d]o you expect your case to be a bench or a jury?" Defendant responded, "Bench, sir." The court then asked, "And you know what a jury trial is? I explained that *** to you?" Defendant answered, "Yes, sir." Later in the proceeding, defendant stated, "if this will help them out, whatever they need, they can go right ahead. If they want to get it granted, grant they [*sic*] motion."

¶ 6 On December 28, 2016, the parties appeared in court so defendant could view a video produced in discovery. During the appearance, the court asked, "Is this going to be a bench or a jury?" Defendant replied, "[b]ench, sir."

¶ 7 On January 20, 2017, during another discovery hearing, the court asked defendant if he was familiar with "4-17 material." Defendant responded yes, but when asked by the court to explain what it was, defendant responded, "I don't know." Later, the court stated, "I know it is a bench trial, is that what you told me you want, to waive your right to trial by jury?" Defendant responded, "Yes, I asked for a bench trial, yes, sir."

¶ 8 On January 23, 2017, immediately prior to trial, defendant signed a jury waiver form. The form is included in the record and states, "I, the undersigned, do hereby waive jury trial and submit the above entitled cause to the Court for hearing." The following exchange occurred:

"THE COURT: Find a jury waiver. Did you sign this document entitled jury waiver, sir?

THE DEFENDANT: Yes, your Honor.

THE COURT: Did anybody make any promises or threaten you to waive your right to a trial by jury?

THE DEFENDANT: No, sir.

THE COURT: Have you thought about this decision to waive your right to a trial by jury?

THE DEFENDANT: Yes, your Honor.

THE COURT: It is your desire at this time to do that.

THE DEFENDANT: Yes, sir. Your Honor.

THE COURT: Jury waiver is accepted."

¶ 9     The State's evidence at trial showed that on December 7, 2015, Sinika Sykes, defendant's wife, was asleep at her mother's home when defendant appeared at the back door. Sykes walked to the door and told defendant he could not come in, and in response, defendant started shooting the door. Defendant entered the home and continued shooting, hitting Sykes once. Martae West, Sykes's brother, was also in the house, and during the incident defendant shot West four times. Sykes called the police, who arrived and arrested defendant. Sykes was treated at a hospital for a gunshot wound to her right arm, while West was treated for gunshot injuries to his chest, shoulders, buttocks, and waist.

¶ 10    The court found defendant guilty of attempt murder, home invasion, and aggravated battery with a firearm. Defendant did not file a posttrial motion.

¶ 11    The matter proceeded to sentencing. The presentence investigation (PSI) report revealed four prior convictions, one each for violating an order of protection, domestic battery, misrepresentation of age by a minor, and criminal defacement of property. Following a hearing,

defendant was sentenced to concurrent terms of 40 years for attempt murder, 40 years for home invasion, and 20 years for aggravated battery with a firearm. Defendant did not file a motion to reconsider sentence.

¶ 12    On appeal, defendant argues that his jury waiver was invalid because the trial court's admonishments were insufficient.

¶ 13    Defendant admits that he did not preserve this issue through a timely objection or by raising it in a posttrial motion, but argues plain error review is appropriate. See *People v. Harvey*, 2018 IL 122325, ¶ 15. Plain error review is proper when a clear or obvious error has occurred and either (1) "the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error," or (2) "that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." (Internal quotation marks omitted.) *Id.* Whether a defendant was denied his right to a jury trial is an appropriate issue for second prong plain error review. *People v. Gatlin*, 2017 IL App (1st) 143644, ¶ 32. We must first determine whether a clear or obvious error occurred. *People v. Bannister*, 232 Ill. 2d 52, 65 (2008).

¶ 14    A defendant has a right to trial by jury pursuant to the United States Constitution. U.S. Const., amend. VI. This right can be waived, but only if the defendant does so "knowingly and understandingly." *People v. Bracey*, 213 Ill. 2d 265, 269 (2004); 725 ILCS 5/103-6 (West 2014). The trial court has a responsibility to ensure the defendant's waiver is knowing and voluntary, but there is no formula for the admonishments the trial court must provide. *Bannister*, 232 Ill. 2d at 66. The sufficiency of a trial court's admonishments "depends on the facts and circumstances

of each particular case." *Id*. A signed jury waiver form is required by statute and can serve as evidence of a defendant's intent, but is not conclusive evidence that defendant made a valid waiver. *Id*.; 725 ILCS 5/115-1 (West 2014).

¶ 15     A jury waiver is generally valid when the court ensures a defendant "(1) understands he is entitled to a jury trial, (2) understands what a jury trial is, and (3) wishes to be tried by a jury or by the court without a jury." *People v. West*, 2017 IL App (1st) 143632, ¶ 15 (citing *People v. Chitwood*, 67 Ill. 2d 443, 448-49 (1977)). The defendant bears the burden to prove his waiver was invalid. *People v. Reed*, 2016 IL App (1st) 140498, ¶ 7. This issue is reviewed *de novo*. *Bannister*, 232 Ill. 2d at 66.

¶ 16     Defendant first argues that the court provided insufficient admonishments regarding what a jury trial is and that defendant had the right to decide between a jury or bench trial. He adds that his signed waiver does not compensate for the alleged insufficiencies.

¶ 17     We find that the court sufficiently ensured defendant's waiver was knowing and voluntary. At the arraignment, the court asked defendant if he knew what a jury trial was. When he responded negatively, the court provided a detailed explanation, including the number of jurors, the burden of proof, the unanimous verdict requirement, and his ability to proceed without presenting evidence. The court also specified that jury trials were distinct from procedures where the judge is the factfinder. Defendant affirmed that he understood. See *Bannister*, 232 Ill. 2d at 69 ("When a defendant waives the right to a jury trial, the pivotal knowledge that the defendant must understand *** is that the facts of the case will be determined by a judge and not a jury.") The court then discussed defendant's jury waiver on four subsequent occasions. On December 15, 2016, defendant confirmed that the court had explained to him what a jury trial was. On

December 28, 2016, the court asked defendant "is this going to be a bench or jury," presenting the decision to defendant as his choice to make. And on January 20 and 23, 2017, the court told defendant he had a "right" to a jury trial. On all four dates, defendant affirmed that he wanted a bench trial. Defendant also submitted a signed jury waiver form immediately prior to trial. Before accepting the form, the court made a final confirmation of defendant's choice. The form thus supports the conclusion that defendant's waiver was knowing and voluntary. See *Reed*, 2016 IL App (1st) 140498, ¶ 8.

¶ 18    Defendant argues that the court should have provided additional explanation of his rights because he was an unsophisticated *pro se* litigant. Defendant cites *People v. Sebag*, 110 Ill. App. 3d 821 (1982), where a jury waiver was found invalid in part because the defendant "was without benefit of counsel," "it [did] not appear that [the defendant] was advised of the meaning of a trial by jury," and it did not "appear that [the defendant] was familiar with criminal proceedings." *Sebag*, 110 Ill. App. 3d at 829. Defendant notes the December 15, 2016 hearing, where he conceded the State's motion to admit proof of other crimes, as demonstrating his lack of sophistication. He also cites his conduct during the January 20, 2017 hearing, where he misrepresented that he understood a discovery rule.

¶ 19    We find that the court's admonishments were sufficient in light of defendant's level of sophistication. The court repeatedly inquired as to whether defendant understood the difference between a bench and jury trial and which he preferred, and defendant repeatedly said he understood and wanted a bench trial. These responses are not rendered suspect by the incidents he cites, and were reasonably relied on by the court. Moreover, defendant had previous experience with the criminal justice system, represented that he had his GED, and was engaged

and attentive during the discovery process. These facts reveal a greater level of sophistication than defendant represents on appeal and distinguish this matter from *Sebag*. See *People v. Tooles*, 177 Ill. 2d 462, 471 (1997) (defendant's four previous convictions suggested familiarity with right to a trial by jury).

¶ 20    Finally, defendant argues that he was only arraigned on attempt murder on January 11, 2016, and thus did not make a knowing and voluntary waiver as to all charges. See *Sebag*, 110 Ill. App. 3d at 829 (finding a jury waiver invalid in part because defendant had only been arraigned on one of the two charges). This argument was raised for the first time in defendant's reply brief, and as such is deemed forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018).

¶ 21    Even if the issue were properly presented, however, the record reveals that defendant made his jury waiver after having been apprised of the full scope of charges. On January 11, 2016, the court arraigned defendant on the attempt murder charge, but did not mention home invasion, aggravated battery with a firearm, or AUUW. On November 22, 2016, the court informed defendant that he was charged with "various counts" of attempt murder, aggravated battery, home invasion, and aggravated unlawful use of weapon. On December 15, 2016, the prosecutor described the charges, with defendant present, as: "multiple counts of attempted murder, aggravated battery, home invasion and aggravated unlawful use of a weapon." Defendant affirmed that he wanted a bench trial on December 15 and 28, 2016, and January 20 and 23, 2017. He also affirmed that he understood what a jury trial was on December 15, 2016 and January 23, 2017. On this record, we find no indication that defendant did not understand the full scope of charges he faced when he made his jury waiver.

¶ 22    In sum, no error occurred because defendant's jury waiver was knowing and voluntary, plain error review is unmerited, and defendant's convictions are affirmed.

¶ 23    Affirmed.