**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (4th) 220497-U

Order filed October 13, 2023

IN THE

APPELLATE COURT OF ILLINOIS

FOURTH DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 11th Judicial Circuit, McLean County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Appeal No. 4-22-0497 Circuit No. 19-CF-72 |
| LAMONT G. BARCLAY, | ) ) | Honorable William A. Yoder, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE DAVENPORT[1] delivered the judgment of the court.
Justice Brennan concurred in the judgment.
Justice McDade dissented.

**ORDER**

¶ 1    *Held*: Posttrial counsel did not provide ineffective assistance for failing to attach affidavits to defendant's motion for a new trial.

¶ 2    A jury convicted defendant, Lamont G. Barclay, of five counts of predatory criminal sexual

assault of a child and two counts of sexual exploitation of a child. The trial court sentenced him to

_____

[1]This appeal was filed in the Fourth District. The supreme court, in the exercise of its administrative and supervisory authority, transferred the matter to the Third District for decision. Ill. S. Ct., M.R. 31650 (Feb. 6, 2020).

a total of 128 years' imprisonment. On appeal, defendant argues his posttrial counsel provided ineffective assistance by failing to include affidavits to support the factual assertions in his motion for new trial, rendering it legally insufficient. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        Defendant was charged by indictment with five counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2018)) and two counts of sexual exploitation of a child (*id.* § 11-9.1(a)(1), (a-5)). The charges alleged defendant engaged in sexual conduct with T.P., his minor stepdaughter. Following a jury trial, defendant was found guilty on all counts. After the trial, defendant replaced his appointed public defender with private counsel, who filed a motion for new trial. The motion argued ineffective assistance of trial counsel and asserted facts not established at trial. The motion did not include any affidavits to support the newly asserted facts.

¶ 5        During the hearing, posttrial counsel presented arguments for each alleged error by trial counsel as set forth in the motion. Several of the arguments contended trial counsel failed to conduct a proper investigation that would have provided evidence to impeach T.P.'s trial testimony. One such argument included the factual assertion that interviews with defendant; T.P.'s mother and defendant's wife, Michelle C.-B.; and T.P.'s maternal grandmother would have shown T.P.'s bed was on a frame, contradicting T.P.'s testimony that her bed was on the floor. Another argument claimed Michelle could have rebutted T.P.'s testimony that defendant led T.P. into his bedroom where T.P. witnessed him using a speculum on Michelle, who was tied down and blindfolded. The argument asserted if Michelle had been asked about the speculum on cross-examination, she would have testified a speculum was only used twice while engaging in sexual conduct with defendant and on both occasions she was not tied down and the children were not home.

2

¶ 6    In denying the motion, the court addressed the substantive issues raised by posttrial counsel by summarizing key details of each witness's testimony at trial, including the testimony of T.P. and Michelle. The court concluded trial counsel did not provide ineffective assistance, finding the arguments raised in the motion ultimately amounted to trial strategy. The court also stated T.P.'s testimony was credible and the evidence in the case was not "closely balanced," noting the jury returned a guilty verdict on all counts in approximately one hour.

¶ 7    The trial court sentenced defendant to a total of 128 years' imprisonment, consisting of five consecutive 25-year terms for each of the predatory criminal sexual assault of a child convictions to be served consecutively to concurrent terms of 3 years' imprisonment for the two sexual exploitation convictions. The court denied defendant's motion to reconsider sentence, and this appeal followed.

¶ 8                                    II. ANALYSIS

¶ 9    On appeal, defendant argues posttrial counsel's performance was deficient because counsel failed to attach required affidavits to support the factual assertions contained in his motion for new trial. Defendant further asserts his motion was legally insufficient due to this failure and if the affidavits had been attached, a reasonable probability exists that the motion may have been granted. "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the two-pronged test set forth in *Strickland*, to prevail on an ineffective-assistance claim a defendant must show (1) counsel's performance fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced defendant, meaning absent the deficient performance, there is a reasonable probability that the outcome of the proceeding would have been different. *People v. Jackson*, 2020 IL 124112, ¶ 90. Failure to establish either prong of this test is fatal to the claim. *Id.* We review *de novo*

whether counsel's omission of the affidavits constitutes ineffective assistance. *People v. Davis*, 353 Ill. App. 3d 790, 794 (2004).

¶ 10 Defendant meets the first prong under *Strickland*, as "[i]t is generally true that where a defendant seeks a new trial on the basis of factual allegations not in the record, the motion must be accompanied by a sworn affidavit." *People v. Brandon*, 157 Ill. App. 3d 835, 845 (1987); see also *People v. Walton*, 240 Ill. App. 3d 49, 60 (1992) (the court may deny, without a hearing, a motion for new trial based on unsupported factual allegations). However, we cannot find posttrial counsel's error in failing to attach the required affidavits prejudiced defendant. The circuit court could have properly dismissed defendant's motion based on the lack of affidavits. See *People v. Boyce*, 51 Ill. App. 3d 549, 563 (1977); *People v. Gray*, 96 Ill. App. 3d 757, 762 (1981). Instead, the court overlooked the missing affidavits and considered the substance of the allegations.

¶ 11 Although defendant contends numerous unattested-to factual assertions were made in the motion, we will only consider the two examples that counsel specifically argues in his brief on appeal. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (argument must contain the contentions of the appellant, the reasons therefor, and the citation of authorities; points not argued in an opening brief are forfeited and shall not be raised in the reply brief, in oral argument, or in a petition for a rehearing). Defendant argued posttrial counsel could have (1) contradicted T.P.'s testimony that her bed was on the floor by eliciting testimony from other parties showing T.P.'s bed was on a frame, and (2) discredited T.P.'s claim she witnessed defendant use a speculum on Michelle by eliciting testimony from Michelle showing the speculum was not used under the circumstances T.P. described. Despite the lack of affidavits, those assertions were thoroughly argued by posttrial counsel during the hearing and the court considered those arguments along with the supporting proposed evidence in denying defendant's motion. Further, we note that whether T.P.'s bed was

4

on a frame or the floor is entirely inconsequential and any testimony from Michelle about the use of a speculum despite the alleged difference in circumstances would only lend credibility to T.P.'s claim that she saw defendant using a speculum on Michelle. These minor inconsistencies ultimately would not have affected the trial's outcome. Therefore, defendant cannot establish a reasonable probability the result of the hearing would be any different if counsel had attached the affidavits. See *People v. Lewis*, 2022 IL 126705, ¶ 46 (defendant must " 'affirmatively prove' " prejudice by showing reasonable probability result would have been different absent counsel's error) (quoting *Strickland*, 466 U.S. at 693). Without a showing of prejudice, defendant cannot satisfy the second prong of the *Strickland* test and his argument fails.

¶ 12                                                          III. CONCLUSION

¶ 13            For the reasons stated, we affirm the judgment of the circuit court of McLean County.

¶ 15            Affirmed.

¶ 16            JUSTICE McDADE, dissenting:

¶ 17            I respectfully dissent from the majority's decision. The majority finds that the circuit court "overlooked the missing affidavits and considered the substance of the allegations." *Supra* ¶ 10. However, I would find that this "hearing" was illusory. The court could not have held a full and fair hearing on the merits without the necessary affidavits to provide it with sworn facts to support the contentions. See *Boyce*, 51 Ill. App. 3d at 563 (allegations of a motion are not evidence of the grounds raised and are facially insufficient absent supporting affidavits). The court considered defendant's contentions without evidence of their accuracy or truth and was free to accept or disregard what it chose. Thus, I would find that counsel's failure to attach any affidavits to the motion for a new trial did in fact prejudice defendant.

¶ 18    Had counsel supported the motion with affidavits, the court could have held a proper hearing, in which it considered the affidavits and any other new evidence presented before rendering its decision. The motion was based on facts not elicited at trial. Because counsel failed to prove any of the factual assertions in the motion, it never had a chance of being granted. However, had counsel properly supported the factual assertions, there is a reasonable probability that the outcome of the reconsideration motion hearing may have been different.

¶ 19    Based on the foregoing, I would find that posttrial counsel was ineffective and remand for new proceedings on the posttrial motion.